**Exhibit 2**

```
 1                   IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
 2                             EASTERN DIVISION

 3

 4   XYZ CORPORATION,                      )  Docket No. 24 C 2939
                                           )
 5                    Plaintiff,           )
                                           )
 6              vs.                        )
                                           )
 7   THE INDIVIDUALS, CORPORATIONS,        )  Chicago, Illinois
     LIMITED LIABILITY COMPANIES,          )  May 20, 2024
 8   PARTNERSHIPS AND UNINCORPORATED       )  9:30 o'clock a.m.
     ASSOCIATIONS IDENTIFIED IN SCHEDULE   )
 9   A HERETO,                             )
                                           )
10                    Defendants.          )

11
                          TRANSCRIPT OF PROCEEDINGS
12                 BEFORE THE HONORABLE MATTHEW F. KENNELLY

13
     APPEARANCES:
14

15   For the Plaintiff:     BAYRAMOGLU LAW OFFICES LLC
                            BY:  MR. SHAWN ANTHONY MANGANO
16                          605 N Michigan Ave., 4th Floor, #5456
                            Chicago, IL 60611
17                          (702) 462-5973

18

19

20

21

22

23   Court Reporter:        MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                            Official Court Reporter
24                          219 S. Dearborn Street, Suite 2102
                            Chicago, Illinois  60604
25                          (312) 435-5639
```

```
 1  APPEARANCES CONTINUED:

 2

 3  For Defendants
    Xinchengdongdongbianlidian,
    Fandee Branch Store,
 4  Quanzhoushizhinaguandidianzishangwuyouxiangongsi,
    and iPhoenix shop:     NI, WANG & MASSAND, PLLC
 5                         BY:  MR. TIMOTHY TIEWEI WANG
                           8140 Walnut Hill Lane, Suite 615
 6                         Dallas, TX 75231
                           (972) 331-4603
 7

 8
    For Defendants
 9  ANHEUM, StunningQueen,
    ADHOWBEW, Aojingyibin,
10  BTLYUIOAPE, Febecool,
    FQZWONG,
11  Goddess Accent 15-18 Days Delivery,
    Hjgjhgf,
12  Holiday Deals-7-15 Days Delivery-Ruisiqi Trading,
    Iuebc_NHF, Kenvina,
13  Lcyhony 2023 Black Friday Deals-7-20 Days Delivery,
    MABUTINGTI, Tang Jian,
14  Tantisy Easter Day Big Promotion,
    Taymeis women's store,
15  Yantihe, ZWSPTO-US, and
    ZXTC:                  AU LLC
16                         BY:  MR. ADAM EDWARD URBANCZYK
                           444 W. Lake St.
17                         17th Floor
                           Chicago, IL 60606
18                         (312) 715-7312

19  For Defendants
    FANDEE, Runwind, Nmoder,
20  JTNFairy, LightlyKiss,
    TDiooCor, LaiyiVic, Glozeplus,
21  MsavigVice, Sexycherry, SeNight,
    SxClub, Yiershu, VisiChenup,
22  PaladMom, PerZeal, LalaLin,
    Yajedo, and
23  Angerella Fashion:     WHITEWOOD LAW PLLC
                           BY:  MR. SHENGMAO MU
24                         111 W. Jackson BLVD, Suite 1700
                           Chicago, IL 60604
25                         (917) 858-8018
```

```
 1   APPEARANCES CONTINUED:

 2
     For Defendants
 3   The Individuals, Corporations, Limited Liability Companies,
     Partnerships and Unincorporated Associations Identified in
 4   Schedule A Hereto:      DYKEMA GOSSETT PLLC
                             BY:  MR. MICHAEL P. ADAMS
 5                           111 Congress Ave, Suite 1800
                             Austin, TX 78701
 6                           (512) 703-6300

 7
     For Defendants
 8   TieBnss, IbuduSexy, Oxgmoky
     MOJICK, Bttup, DinyIn
 9   HugeNice, Knoint, ZonJie,
     and SheKiss:            SOLTER IP LAW, LLC
10                           BY:  MR. BENJAMIN SOLTER
                             421 W Huron St, Apt 801
11                           Chicago, IL 60654
                             (781) 752-6369
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1     (The following proceedings were had telephonically:)
2         THE CLERK:  24 C 2939, XYZ v. The Individuals.
3         THE COURT:  Good morning.  This is Judge Kennelly.
4  Can counsel for the plaintiff please give your name for the
5  record.
6         MR. MANGANO:  Yes, your Honor.  This is Shawn Mangano
7  on behalf of the plaintiff.
8         THE COURT:  Say it a little clearer and spell the
9  last name, please.  It's kind of a bad connection.
10         MR. MANGANO:  Yes, Shawn Mangano.  Last name is
11  M-A-N-G-A-N-O.
12         THE COURT:  Thanks.
13         And do we have -- I know a number of defendants have
14  filed appearances.  Are there any attorneys on for any of the
15  defendants in the case?
16         MR. WANG:  Good morning, your Honor.  This is Timothy
17  Wang on behalf of defendant iPhoenix shop.
18         THE COURT:  Thanks.
19         Any other defense counsel?
20         MR. URBANCZYK:  Good morning, your Honor.  Adam
21  Urbanczyk for the defendant group beginning with ANHEUM at
22  docket 32.
23         THE COURT:  I know it was talked over.  That's
24  Mr. Urbanczyk?
25         MR. URBANCZYK:  Yes, your Honor.  Adam Urbanczyk for

1 the ANHEUM group of defendants at docket 32.
2     THE COURT: Thanks.
3     And I think I heard another defense attorney.
4     MR. MU: Good morning, your Honor. This is Shengmao
5 Mu speaking, attorney for defendants including FANDEE and the
6 rest of the 18 defendants on the docket.
7     THE COURT: Can you spell your surname for the
8 record, please.
9     MR. MU: Sure, M-U. M as in Mike and U as in
10 umbrella.
11     THE COURT: I appreciate it. Thanks.
12     Any other defense counsel?
13     MR. ADAMS: Good morning, your Honor. Mike Adams
14 representing the defendants identified in docket 31.
15     THE COURT: Thanks.
16     Anybody else?
17     MR. SOLTER: Yes, Benjamin Solter.
18     THE COURT: Sorry. Say it again.
19     MR. SOLTER: Benjamin Solter for ten of the defendant
20 stores including SheKiss.
21     THE COURT: Spell last name, if you wouldn't mind.
22     MR. SOLTER: Yes, S-O-L-T-E-R.
23     THE COURT: Thanks very much.
24     Is there anybody else on the defense side?
25     Okay. So most of my questions or comments are for

1  plaintiff's counsel here.  So as I looked more carefully at
2  this, I'm seeing all sorts of problems here.
3          Just to back up, it's a copyright infringement suit.
4  It was filed under seal.  I entered an ex parte TRO.  The
5  plaintiff is named on the docket as the XYZ Corporation.  Now,
6  I understood that to be kind of a placeholder for the actual
7  name because this was a situation where the contention was
8  that if anybody knew that a lawsuit was being filed, they
9  would immediately transfer assets, hide assets, start new
10 websites, et cetera.  Do I have that right Mr. Mangano?
11         MR. MANGANO:  That's correct.
12         THE COURT:  Here's the problem.  I spent probably the
13 better part of a half hour yesterday looking through the
14 docket and I could not find a single document that identifies
15 -- even a sealed document -- that identifies the actual
16 company.  There's a sealed version of the complaint that's
17 docket number 12, but that doesn't have the name of the
18 plaintiff on it.  It still says XYZ Corporation.  And all it's
19 got is a handful of pictures of the items which look like
20 they're clothing items.
21         Can you just tell me where the document is that will
22 tell me what the name of the plaintiff is in this case?
23         MR. MANGANO:  Well, your Honor, maybe I could cut
24 through this for you.  Since we already have the TRO in place
25 and that TRO has been complied with by the platform, we would

1  not need to proceed under seal in this action for the
2  plaintiff's sake.
3        THE COURT: So we're going to go back to my question
4  because I don't have a -- it's like you're saying your name is
5  John Doe and you ain't going to tell me what your real name
6  is. It doesn't work that way. So who is the plaintiff?
7        MR. MANGANO: Exactly, your Honor. If we have not
8  provided that document, we can refile that immediately.
9        THE COURT: Yeah, so you're telling me you haven't,
10 because I couldn't find it.
11       MR. MANGANO: Well, your Honor, we filed -- this is
12 the tenth or eleventh case we filed, and this is the only time
13 that this issue has been raised by anyone, so I'm assuming --
14       THE COURT: Yeah, well, maybe the other people didn't
15 -- maybe the other judges didn't look at them carefully and
16 maybe I don't always look at them carefully, but I did on this
17 one, and it was largely because a bunch of defendants came in
18 and appeared. So I'm having a kind of basic problem. If
19 nothing else, we're not just talking about whether this case
20 proceeds under seal. We're talking about whether I grant you
21 a preliminary injunction. I'm not going to grant a
22 preliminary injunction to somebody I don't know the name of,
23 and I don't have a document that I can find, unless you can
24 tell me right now where it is on the docket, that names the
25 plaintiff in this case.

1  MR. MANGANO: Okay, your Honor. I cannot at this
2  second tell you where in the docket that identification is.
3  If you would like me to make a representation on the record
4  and tell you what the plaintiff's name is, I can do that.
5  THE COURT: Well, that's a starting point. So what
6  is it?
7  MR. MANGANO: Hold on. The brand name is Roeita.
8  THE COURT: Spell that.
9  MR. MANGANO: R-O-E-I-T-A.
10  THE COURT: Okay.
11  MR. MANGANO: Let me pull up the name because it's
12  quite a long named plaintiff, the actual name. That's the
13  brand. It is Hong Kong Leyuzhen, L-E-Y-U-Z-H-E-N, Technology
14  Company Ltd.
15  THE COURT: It's possible that I overlooked
16  something, but I can tell you that in all the stuff I looked
17  through, I didn't see anything like that at all. I mean, it's
18  just kind of basic. Normally what happens in these cases --
19  and, again, as you know, we get a billion of them here in this
20  district.
21  MR. MANGANO: Yeah.
22  THE COURT: Even in the --
23  MR. MANGANO: I understand --
24  THE COURT: I'm talking right now. I'm talking right
25  now, so stop interrupting. We get a billion of these cases,

and in most of them -- all of them the complaint is filed under seal, but there's always -- you know, there's a redacted version that keeps out the names of the defendant, maybe, but the actual complaint gets filed under seal.  There's a much smaller percentage of them like yours, this case, in which the plaintiff asks to proceed anonymously to start off with.  But in every case that I've had, at least to my knowledge -- and I'm not going to guarantee that I haven't overlooked something -- the under seal version of the complaint has the name of the plaintiff.  And in this case, the under seal version of the complaint is docket entry number 12, docket entry number 12.  And if you pull up docket entry number 12 as I just did, it also names the plaintiff as XYZ Corporation.  It doesn't -- it doesn't do a whole lot, to be perfectly honest with you, to identify exactly what the copyrights are.

        I mean, there's a whole lot of -- I'm saying this only partly pejoratively -- boilerplate language talking about the harm from selling online knockoff products, and it keeps referring to the asserted brand copyrights, asserted brand copyrights all in capital letters, ABC, and then it doesn't really explain much about them.  It doesn't explain whether they're registered or whether they're not.  It doesn't explain how there's a copyright, if it's a common law copyright.  And all I get are these -- there's three pictures, three pictures of dresses that are the knockoff products.  I don't even have

1 a picture of what the copyrighted items are, at least in the
2 complaint.
3    And so it's kind of a basic failure of -- you know,
4 it's what an auditor would call a failure of internal
5 controls.  Somebody didn't vet this stuff carefully enough.
6 And honestly, I'll just be blunt about it, it was me when I
7 granted the TRO.  If I had seen that the under seal version of
8 the complaint didn't name the plaintiff, I wouldn't have
9 granted the motion to begin with.  What that basically boils
10 down to is I'm not going to extend it today.  The clock is
11 running and it's on you.  You got to get something on file
12 immediately.  As my mom used to say, immediately, if not
13 sooner.
14    You said you don't need to proceed under seal
15 anymore.  Great.  That's fine.  Get a complaint on file that
16 actually names the plaintiff and does whatever else you think
17 it needs to do, and then get a motion for preliminary
18 injunction on file that also has all -- that identifies who
19 the plaintiff is.
20    You tell me when you're going to file that.  I'm
21 happy to set a relatively short date for the defendants to
22 respond to it.  But I'm not going to extend this TRO even by a
23 minute here given what happened to begin with.  So that's
24 basically the only deal you get from me.
25    When can you get something on file that actually

1 names the party?

2 MR. MANGANO: We'll get it on file today.

3 THE COURT: Okay. So on the defense side, I assume
4 what's going to get filed is a complaint and a revised motion
5 for preliminary injunction. You're going to get a week to
6 respond to it. If it's filed today, that means a week from
7 today. And then I'm going to set it over to -- there's going
8 to be a problem because I'm going to be out of town. Let me
9 just think this through.

10 I'm going to set this for a phone call -- look, I'm
11 going to tentatively set it for Wednesday morning the 29th,
12 but I'm going to tell you right now that the odds of us having
13 a hearing that day is pretty slim because I'm on something
14 called the Judicial Panel For Multidistrict Litigation, and
15 that's my day to travel to our hearing. I'm going to set it
16 for 9:00 o'clock by phone that morning.

17 What's likely -- and the response to the preliminary
18 injunction motion needs to be on file at 4:00 o'clock Chicago
19 time on Tuesday the 28th. I'm going to look at those. If I
20 think that the plaintiff has made the case already for a
21 preliminary injunction based on the motion and the responses,
22 I'll just go ahead and grant it. If I don't, then I'm going
23 to set a date for a reply and I'll set a hearing date a week
24 after that. So it's not likely we'll actually have a hearing
25 on the 28th -- on the 29th rather, but that's the plan at this

1  point.
2       So does anybody want to say anything, ask questions
3  or anything else?
4       MR. URBANCZYK:  Your Honor, Adam Urbanczyk for one of
5  the groups of defendants.  We had filed a short motion --
6       THE COURT:  Yes.
7       MR. URBANCZYK:  -- for a briefing schedule.  I guess
8  that's a bit obvious right now.  But we also requested
9  materials that were supporting the TRO --
10      THE COURT:  Mr. Urbanczyk, one second.  Can I ask a
11 question.  Whoever's got all of the wailing and moaning going
12 on in the background, can you please mute your phone.
13      Okay.  It got a little better.  Maybe they stopped
14 wailing and moaning.
15      What are you asking to do, Mr. Urbanczyk?  Unseal the
16 TRO motion?
17      MR. URBANCZYK:  That's correct.  I think dockets 4
18 and 12 were the sealed items.
19      THE COURT:  Do you have any problem with unsealing
20 the TRO, the complaint?
21      MR. MANGANO:  No, we do not.
22      THE COURT:  The clerk is directed to unseal docket
23 numbers 4 and 12.
24      Okay.  Anything else anybody's got?
25      UNIDENTIFIED SPEAKER:  Your Honor -- go ahead.

1  MR. ADAMS: I'm sorry, your Honor, this is Mike
2 Adams. I understood from your comments that you were giving
3 the plaintiff a pretty strong hint that they needed to
4 identify the copyrights at issue with more specificity, and I
5 just wanted to see if we could get actually a ruling that that
6 is a requirement in addition to identifying with specificity.
7  THE COURT: I'm going to leave it as a strong hint,
8 and it's possible that that can be done in the motion, you
9 know, in the alternative to doing it in the complaint.
10  Mr. Mangano, the one other thing I'm going to need
11 from you is a revised preliminary injunction order that
12 actually names the plaintiff in it.
13  All right. Guys, I got to move on to the next thing.
14 Thanks. We're going to call the next case now.
15  MR. MANGANO: Thank you, your Honor.
16  (Which were all the proceedings had in the above-entitled
17 cause on the day and date aforesaid.)
18  I certify that the foregoing is a correct transcript from
the record of proceedings in the above-entitled matter.
19
 /s/ *Carolyn R. Cox, CSR, RPR, F/CRR*      May 21, 2024
20 Official Court Reporter
United States District Court
21 Northern District of Illinois
Eastern Division
22
23
24
25