**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HONG KONG LEYUZHEN TECHNOLOGY CO., LTD,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,<br><br>    Defendants. | Case No. 1:24-cv-02939<br><br>**DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Floerns, Verdusa, SweatyRocks (the "Dykema Defendants"), by and through their counsel, hereby answer Plaintiff Hong Kong Leyuzhen Technology Co., Ltd's ("Plaintiff") Unsealed Complaint for Copyright Infringement (the "Complaint"), and state as follows:

**<u>NATURE OF THE ACTION</u>**

1.      This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill and valuable copyrights consisting of images and 3-D artwork embodied in Plaintiff's brand product line, Rotita (the "Asserted Brand") of women's apparel (the "Asserted Brand Copyrights"). Plaintiff publishes Asserted Brand Copyrights on an online storefront located at the company's website associated with its Asserted Brand. Defendants infringe the Asserted Brand Copyrights by publishing the copyrighted images and 3-D artwork on numerous fully interactive commercial internet stores ("Defendants' Online Stores") on the online Amazon platform identified on Schedule "A" (the "Online Platform"), and are using, without authorization, the Asserted Brand Copyrights and derivates thereof, to sell and/or offer for sale "knock-off" products of inferior quality and at bargain basement prices.

**ANSWER:**    The Dykema Defendants admit that Plaintiff purports to bring an action alleging copyright infringement against Defendants relating to certain images.  The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint relating to Plaintiff's alleged publication of images and 3-D artwork on a website, and therefore deny the same.  Denied with respect to the remaining allegations in Paragraph 1 of the Complaint as to the Dykema Defendants.  The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint, and therefore deny the same.

2.    Defendants likewise advertise, market, and/or sell their knockoff products embodying Plaintiff's Asserted Brand Copyrights by reference to the same photographs and 3-D artwork as genuine Asserted Brand products, which causes further confusion and deception in the marketplace. Unique identifiers common to Defendants' internet stores, such as design elements and similarities in Defendant's unlawful use of the Asserted Brand Copyrights, establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation.

**ANSWER:**    Denied with respect to the Dykema Defendants.  The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint, and therefore deny the same.

3.    Plaintiff is forced to file this action to combat Defendants' counterfeiting of Plaintiff's copyrights, as well as to protect unknowing consumers from purchasing knockoff products over the Internet. Plaintiff has been and continues to be irreparably damaged through

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

consumer confusion, dilution, and tarnishment of the Asserted Brand's reputation and goodwill because of Defendants' actions, and therefore seeks injunctive and monetary relief.

**ANSWER:** Denied with respect to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint, and therefore deny the same.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

**ANSWER:** The Dykema Defendants admit that the Complaint purports to state a claim arising under the Copyright Act, and that such a claim, if proper, would arise within this Court's subject matter jurisdiction, but deny that the claims have any merit or validity.

5. This Court has jurisdiction over the unfair deceptive trade practices claim in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

**ANSWER:** The Dykema Defendants admit the allegations in Paragraph 5 of the Complaint regarding the Court's supplemental jurisdiction over the claims asserted in this suit but deny that the claims have any merit or validity.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each of the Defendants directly targets consumers in the United States, including those within the State of Illinois, through at least the fully interactive commercial internet stores accessible through Defendants' Online Stores as identified in Schedule "A", which is attached hereto as Exhibit 2.

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

**ANSWER:** The Dykema Defendants will not dispute venue for purposes of this case. The Dykema Defendants also admit that the Court has personal jurisdiction over them for purposes of this case. The Dykema Defendants deny the remaining allegations in Paragraph 6 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint, and therefore deny the same.

7. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which residents can purchase inferior products that are advertised for sale using, without authorization, the Asserted Brand Copyrights. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including to the State of Illinois, accept payment in United States currency, and, on information and belief, has used photographs and 3-D artwork protected by the Asserted Brand Copyrights to sell competing products of lesser quality to residents of the State of Illinois.

**ANSWER:** The Dykema Defendants admit they each promote and sell products via their respective internet stores, including to consumers in this judicial district. The Dykema Defendants specifically deny they require Plaintiff's authorization to publish the accused photographs on their respective online stores. The Dykema Defendants deny the remaining allegations in Paragraph 7 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, and therefore deny the same.

8. Each of the Defendants is committing tortious acts in the State of Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

of Illinois. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of copyright infringement in this judicial district and do substantial business in the judicial district.

**ANSWER:** The Dykema Defendants will not dispute venue for purposes of this case. The Dykema Defendants admit they each promote and sell products via their respective internet stores, including to consumers in this judicial district. The Dykema Defendants deny the remaining allegations in Paragraph 8 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint, and therefore deny the same.

## THE PARTIES

9.     Plaintiff is a corporation organized under the laws of the People's Republic of China and is the owner of numerous federal copyright registrations issued by the United States Copyright Office that constitute the Asserted Brand Copyrights. Attached hereto as Exhibit 1 is a table summarizing true and correct federal copyright registration information regarding the Asserted Brand Copyrights.

**ANSWER:** The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore deny the same.

10.     Plaintiff founded the Asserted Brand in 2009, which is dedicated to women's fashion apparel and serves consumers in the United States and throughout the world.

**ANSWER:** The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore deny the same.

11.     Between 2021 and 2022, Plaintiff designed, caused to subsist in material form, and first published the original protected Asserted Brand Copyrights on its website located at the company's designated website employing the Asserted Brand in its URL and over the years has

5

worked hard to establish success and recognition for high quality women's apparel internationally and in the U.S.

**ANSWER:**     The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore deny the same.

12.     Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting its Asserted Brand and, specifically, the Asserted Brand Copyrights. As a result, the Asserted Brand is widely recognized and exclusively associated by consumers, the public, and the trade as being quality products.

**ANSWER:**     The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore deny the same.

13.     Plaintiff owns all rights, including without limitation, the rights to reproduce the Asserted Brand Copyrights in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending, the protected works.

**ANSWER:**     The Dykema Defendants specifically deny Plaintiff lawfully owns the copyrights asserted against them. The Dykema Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14.     Plaintiff has neither licensed nor authorized Defendants to use the Asserted Brand Copyrights and none of the Defendants are authorized retailers of Plaintiff's genuine Asserted Brand products.

**ANSWER:**     The Dykema Defendants specifically deny it requires Plaintiff's authorization to publish the accused photographs or sell their clothing products on their respective online stores. The Dykema Defendants deny the remaining allegations in Paragraph 14 of the Complaint as to

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore deny the same.

15. Upon information and belief, Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China or Hong Kong. Defendants conduct business throughout the United States, including within the State of Illinois and in this judicial district, through the operation of Defendants' Online Stores identified in Schedule "A", and has offered to sell and, on information and belief, has sold and continues to sell counterfeit Asserted Brand products to consumers within the United States, including in the State of Illinois and in this judicial district, utilizing, without authorization, the Asserted Brand Copyrights.

**ANSWER:** The Dykema Defendants admit they are Chinese business entities. The Dykema Defendants further admit they each promote and sell products via their respective internet stores to consumers based in the United States, including consumers in this judicial district. The Dykema Defendants specifically deny they require Plaintiff's authorization to publish the accused photographs or to sell clothing products on their respective online stores. The Dykema Defendants deny the remaining allegations in Paragraph 15 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint, and therefore deny the same.

16. Defendants go to great lengths to conceal their identities and the full scope of their operations making it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network.

7

**ANSWER:** The Dykema Defendants deny the allegations in Paragraph 16 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint, and therefore deny the same.

**DEFENDANTS' UNLAWFUL CONDUCT**

17. The success of Plaintiff's Asserted Brand has resulted in counterfeiting and intentional copying of the company's products, and the sale and offering for sale of said products through the unauthorized use of the Asserted Brand Copyrights. Upon information and belief, Defendants conduct their illegal operations through commercial, online stores on the Online Platform. Each Defendant targets consumers in the United States, including in the State of Illinois, and sells and offers for sale counterfeit products through the unauthorized use of photographs and 3-D artwork protected by Asserted Brand Copyrights.

**ANSWER:** The Dykema Defendants admit they each promote and sell products via their respective internet stores to consumers based in the United States, including consumers in this judicial district. The Dykema Defendants specifically deny they require Plaintiff's authorization to publish the accused photographs or sell clothing on their respective online stores. The Dykema Defendants deny the remaining allegations in Paragraph 17 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint, and therefore deny the same.

18. In similar cases involving multiple counterfeiters, defendants operating internet stores intentionally conceal their identities and the full scope of their counterfeiting operations to deter plaintiffs and Courts from learning their true identities and the full extent of their illegal counterfeiting operations.

8

**ANSWER:** The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore deny the same.

19. In this case, through the unauthorized use of the Asserted Brand Copyrights on Defendants' Online Stores, Defendants are directly and personally contributing to, inducing and engaging in the infringement of the Asserted Brand Copyrights as alleged, often times as partners, co-conspirators and/or suppliers. Upon information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully use without authorization the Asserted Brand Copyrights, to manufacture, import, distribute, offer for sale, and sell competing inferior products.

**ANSWER:** The Dykema Defendants specifically deny they require Plaintiff's authorization to publish the accused photographs or to sell clothing products on their respective online stores. The Dykema Defendants deny the remaining allegations in Paragraph 19 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint, and therefore deny the same.

20. Upon information and belief, and at all times relevant hereto, Defendants have had full knowledge of Plaintiff's ownership of the Asserted Brand Copyrights including its exclusive right to use and license the Asserted Brand and the goodwill associated therewith.

**ANSWER:** The Dykema Defendants specifically deny Plaintiff lawfully owns the copyrights asserted against them. The Dykema Defendants deny the remaining allegations in Paragraph 20 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint, and therefore deny the same.

9

21.     Plaintiff has identified numerous stores on the Online Platform, including Defendants' Online Stores, which are offering for sale, selling, and importing knockoff products to consumers in this judicial district and throughout the United States by using, without authorization, the Asserted Brand Copyrights. Infringers on e-commerce platforms such as Defendants' Online Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price ("MSRP") of goods seized by the U.S. government in fiscal year 2020 was over $1.3 billion. Internet websites like Defendants' Online Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

**ANSWER:**     The Dykema Defendants deny the allegations in Paragraph 21 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint, and therefore deny the same.

22.     On information and belief, Defendants set up seller accounts on the Online Platform using, without authorization, the Asserted Brand Copyrights so that they appear to unknowing consumers to be authorized online retailers of genuine Asserted Brand products. Defendants' Online Stores accept payment in United States currency via credit cards and PayPal.

**ANSWER:**     The Dykema Defendants specifically deny Plaintiff lawfully owns the copyrights asserted against them.  The Dykema Defendants deny the remaining allegations in Paragraph 22 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint, and therefore deny the same.

23. On information and belief, Defendants deceive unknowing consumers by using Plaintiff's Asserted Brand Copyrights on Defendants' Online Stores without authorization to attract customers, and to sell counterfeit products resembling Asserted Brand products.

**ANSWER:** The Dykema Defendants specifically deny Plaintiff lawfully owns the copyrights asserted against them. The Dykema Defendants deny the remaining allegations in Paragraph 23 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint, and therefore deny the same.

24. Defendants, in similar type of counterfeit cases, deceive unknowing consumers by using the infringed intellectual property as originally used in connection with the sale of genuine products, within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer product searches. Additionally, counterfeiters in similar type cases, use other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendants internet store listings show up at or near the top of relevant search results and misdirect consumers searching for genuine products. Further, counterfeiters utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down.

**ANSWER:** The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint, and therefore deny the same.

25. Here, a search for the Asserted Brand women's dresses on the Online Platform resulted in the unauthorized display of the Asserted Brand Copyrights being used to promote competing, inferior products. As such, Plaintiff also seeks to disable Defendants' Online Stores that are the means by which the Defendants use, without authorization, the Asserted Brand Copyrights to continue to sell knockoff products to consumers in the State of Illinois and in this judicial district.

**ANSWER:** The Dykema Defendants specifically deny they require Plaintiff's authorization to display the accused photographs or sell certain clothing products on their respective online stores. The Dykema Defendants deny the remaining allegations in Paragraph 25 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint, and therefore deny the same.

26. On information and belief, Defendants conceal their identities by using multiple fictitious names and addresses to register and operate a massive network of internet stores. It is common practice for counterfeiters to register accounts with incomplete information, randomly typed letters, or omitted cities or states; use privacy services that conceal the owners' identity and contact information; and regularly create new websites and online marketplace accounts on various platforms including Defendants' Online Stores listed in Schedule "A", which is attached hereto as Exhibit "2". Such internet store registration patterns are one of many common tactics counterfeiters use to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

**ANSWER:** The Dykema Defendants deny the allegations in Paragraph 26 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint, and therefore deny the same.

27.     Upon receiving notice of a lawsuit, counterfeiters in similar cases will often register new domain names or online marketplace accounts under new aliases.[1] Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2021 U.S. Customs and Border Protection ("CBP") report on seizure statistics indicated that e-commerce sales accounted for 13.3% of total retail sales with second quarter of 2021 retail e-commerce sales estimated at $222.5 billion.[2] In FY 2021, there were 213 million express mail shipments and 94 million international mail shipments. *Id.* Nearly 90 percent of all intellectual property seizures occur in the international mail and express environments. *Id.* at 27. The "overwhelming volume of small packages also makes CBP's ability to identify and interdict high risk packages difficult." *Id.* at 23.

**ANSWER:**     The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore deny the same.

28.     Further, counterfeiters often operate multiple credit card merchant accounts and third-party accounts behind layers of payment gateways so that they can continue operating in spite of enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their Online Platform accounts to off-shore bank accounts outside the jurisdiction of this Court particularly since it is believed that Defendants reside in the People's Republic of China or Hong Kong.

---

[1]     https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumers-aboutcounterfeit-goods-during (counterfeiters are "very adept at setting up online stores to lure the public into thinking they are purchasing legitimate good on legitimate websites") (last visited Apr. 6, 2022).

[2] U.S. Customs and Border Protection, Intellectual Property Right Seizure Statistics, FY 2021 (https://www.cbp.gov/sites/default/files/assets/documents/2022-Sep/202994%20-%20FY%202021%20IPR%20Seizure%20Statistics%20BOOK.5%20-%20FINAL%20%28508%29.pdf) at 23.

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

**ANSWER:** The Dykema Defendants deny the allegations in Paragraph 28 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint, and therefore deny the same.

29. Defendants' unlawful use of Plaintiff's Asserted Brand Copyrights to promote knockoff products for sale on Defendants' Online Stores, bear similarities and indicia of interrelatedness, suggesting they are manufactured by and come from a common source. Notable features common to Defendants' Online Stores include lack of contact information, same or similar products for sale, identically or similarly priced items and sales discounts, shared hosting service, similar name servers, and their common infringement of Plaintiff's Asserted Brand Copyrights.

**ANSWER:** The Dykema Defendants specifically deny they require Plaintiff's authorization to publish the accused photographs or sell certain clothing products on their respective online stores. The Dykema Defendants deny the remaining allegations in Paragraph 29 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint, and therefore deny the same.

30. Defendants' use of Plaintiff's Asserted Brand Copyrights in connection with the advertising, marketing, distribution, offering for sale and the sale of competing products of inferior quality is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming the Asserted Brand. Defendants have manufactured, imported, distributed, offered for sale and sold their inferior products using the Asserted Brand Copyrights and will continue to do so.

**ANSWER:** The Dykema Defendants specifically deny they require Plaintiff's authorization to publish the accused photographs or sell certain clothing products on their respective online stores. The Dykema Defendants deny the remaining allegations in Paragraph 30 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint, and therefore deny the same.

31. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the Asserted Brand Copyrights in connection with the advertisement, offer for sale and the sale of counterfeit or knockoff Asserted Brand products through, *inter alia*, their Online Stores identified in Schedule "A".

**ANSWER:** The Dykema Defendants deny the allegations in Paragraph 31 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint, and therefore deny the same.

32. Upon information and belief, Defendants will continue to infringe the Asserted Brand Copyrights for the purpose of selling inferior knockoff products unless preliminarily and permanently enjoined.

**ANSWER:** The Dykema Defendants deny the allegations in Paragraph 32 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Complaint, and therefore deny the same.

33. Defendants' unauthorized use of the Asserted Brand Copyrights in connection with the advertising, distribution, offering for sale, and the sale of poor-quality products in the United

15

States and specifically into the State of Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff's Asserted Brand.

**ANSWER:** The Dykema Defendants specifically deny they require Plaintiff's authorization to publish the accused photographs or sell certain clothing products on their respective online stores. The Dykema Defendants deny the remaining allegations in Paragraph 33 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint, and therefore deny the same.

34. Unless enjoined, Defendants infringing conduct will continue to cause irreparable harm to Plaintiff.

**ANSWER:** The Dykema Defendants deny the allegations in Paragraph 34 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of the Complaint, and therefore deny the same.

## COUNT I

## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)

### [Against Defendants Designated in Schedule A]

35. Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 34, above.

**ANSWER:** The Dykema Defendants repeat and re-allege the above responses to Paragraphs 1 through 34 of the Complaint, as if set forth fully herein.

36. Plaintiff's Asserted Brand Copyrights have significant value and have been produced and created at considerable expense.

16

**ANSWER:** The Dykema Defendants specifically deny Plaintiff lawfully owns the copyrights asserted against them. The Dykema Defendants deny the remaining allegations in Paragraph 36 of the Complaint.

37. Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the Asserted Brand Copyrights in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending, the copyright protected works.

**ANSWER:** The Dykema Defendants specifically deny Plaintiff lawfully owns the copyrights asserted against them. The Dykema Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using the Asserted Brand Copyrights without Plaintiff's permission.

**ANSWER:** The Dykema Defendants specifically deny they require Plaintiff's authorization to publish the accused photographs or sell certain clothing products on their respective online stores. The Dykema Defendants deny the remaining allegations in Paragraph 38 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 of the Complaint, and therefore deny the same.

39. Upon information and belief, Defendants have directly copied the Asserted Brand Copyrights to advertise, promote, offer for sale, and sell competing products of low quality and at a fraction of the price.

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

**ANSWER:** The Dykema Defendants specifically deny Plaintiff lawfully owns the copyrights asserted against them. The Dykema Defendants deny the remaining allegations in Paragraph 39 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint, and therefore deny the same.

40. As examples, Defendants deceive unknowing consumers by using, without authorization, the Asserted Brand Copyrights on Defendants' Online Stores to attract customers as follows:

<u>Exemplary of Counterfeit Products sold on Defendants' Online Stores</u>

  

*compared to*

<u>Asserted Brand Copyrighted Photographs and 3-D Artwork on Asserted.com</u>

  

Copyright VA0002379888     Copyright VA0002379888     Copyright VA0002379888

**ANSWER:** The Dykema Defendants specifically deny they require Plaintiff's authorization to publish the accused photographs or sell certain clothing products on their respective online stores.

The Dykema Defendants deny the remaining allegations in Paragraph 40 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Complaint, and therefore deny the same.

41. Defendants' unauthorized exploitation of Asserted Brand Copyrights to advertise, offer for sale and sell inferior products on Defendants' Online Stores constitutes copyright infringement.

**ANSWER:** The Dykema Defendants specifically deny they require Plaintiff's authorization to publish the accused photographs or sell certain clothing products on their respective online stores. The Dykema Defendants deny the remaining allegations in Paragraph 41 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Complaint, and therefore deny the same.

42. On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of the Asserted Brand Copyrights.

**ANSWER:** The Dykema Defendants deny the allegations in Paragraph 42 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 of the Complaint, and therefore deny the same.

43. Each Defendant either knew, or should have reasonably known, that the Asserted Brand Copyrights are copyright protected, and that their unauthorized display and use of the representations infringed on the Asserted Brand Copyrights. Further, each Defendant continues to infringe upon Plaintiff's rights in and to the Asserted Brand Copyrights.

**ANSWER:** The Dykema Defendants specifically deny they require Plaintiff's authorization to publish the accused photographs or sell certain clothing products on their respective online stores. The Dykema Defendants deny the remaining allegations in Paragraph 43 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Complaint, and therefore deny the same.

44. As a direct and proximate result of their unauthorized and infringing conduct, Defendants have obtained and continue to realize direct and indirect profits and other benefits rightfully belonging to Plaintiff, and that Defendants would not otherwise have realized but for their infringement of Plaintiff's Asserted Brand Copyrights.

**ANSWER:** The Dykema Defendants specifically deny they require Plaintiff's authorization to publish the accused photographs or sell certain clothing products on their respective online stores. The Dykema Defendants deny the remaining allegations in Paragraph 44 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 of the Complaint, and therefore deny the same.

45. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

**ANSWER:** The Dykema Defendants deny the allegations in Paragraph 45 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the Complaint, and therefore deny the same.

46. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. § 504.

**ANSWER:** The Dykema Defendants admit Plaintiff purports to seek an award of damages and, as to the Dykema Defendants, deny that Plaintiff is entitled to such damages. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Complaint, and therefore deny the same.

47. In addition to actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). Each Defendant should be required to account for all gains, profits, and advantages derived by each Defendant from their acts of infringement.

**ANSWER:** The Dykema Defendants admit Plaintiff purports to seek an award of damages and, as to the Dykema Defendants, deny that Plaintiff is entitled to such damages. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint, and therefore deny the same.

48. In the alternative, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

**ANSWER:** The Dykema Defendants admit Plaintiff purports to seek an award of damages and, as to the Dykema Defendants, deny that Plaintiff is entitled to such damages. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 of the Complaint, and therefore deny the same.

49. Plaintiff is entitled to, and may elect to choose injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing work and for an order under 17 U.S.C. § 503 that any of Defendants' infringing products be impounded and destroyed.

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

**ANSWER:** The Dykema Defendants deny the allegations in Paragraph 49 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 of the Complaint, and therefore deny the same.

50. Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**ANSWER:** The Dykema Defendants deny the allegations in Paragraph 50 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 of the Complaint, and therefore deny the same.

51. Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to the reputation and goodwill of their well-known Asserted Brand.

**ANSWER:** The Dykema Defendants deny the allegations in Paragraph 51 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 of the Complaint, and therefore deny the same.

52. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. As such, Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Asserted Brand Copyrights and ordering that each Defendant destroy all unauthorized copies. Defendants' copies, plates, and other embodiments of the copyrighted

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

works from which copies can be reproduced, if any, should be impounded and forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C §503.

**ANSWER:** The Dykema Defendants deny the allegations in Paragraph 52 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 of the Complaint, and therefore deny the same.

**COUNT II**

**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

**[Against Defendants Designated in Schedule A]**

53. Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 34, above.

**ANSWER:** The Dykema Defendants repeat and re-allege the above responses to Paragraphs 1 through 52 of the Complaint, as if set forth fully herein.

54. Defendants' use of material protected by Plaintiff's Asserted Copyrights for the promotion, marketing, offering for sale, and the sale of knockoff Asserted Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to false affiliation, connection, or association with Plaintiff's Asserted Brand or the false origin, sponsorship, or approval of Defendants' inferior products under Plaintiff's Asserted Brand.

**ANSWER:** The Dykema Defendants deny the allegations in Paragraph 54 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the Complaint, and therefore deny the same.

55.    By using Plaintiff's Asserted Brand Copyrights in connection with Defendants' sale of knockoff products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of Defendants' inferior quality products.

**ANSWER:**    The Dykema Defendants deny the allegations in Paragraph 55 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Complaint, and therefore deny the same.

56.    Defendants' conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of its knockoff products to the general public under 15 U.S.C. §§ 1114, 1125.

**ANSWER:**    The Dykema Defendants deny the allegations in Paragraph 56 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 of the Complaint, and therefore deny the same.

57.    Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to the company's reputation and the goodwill of the Asserted Brand.

**ANSWER:**    The Dykema Defendants deny the allegations in Paragraph 57 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Complaint, and therefore deny the same.

## COUNT III

## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

## (815 ILCS § 510/1, et seq.)

## [Against Defendants Designated in Schedule A]

58.     Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 34, above.

**ANSWER:**     The Dykema Defendants repeat and re-allege the above responses to Paragraphs 1 through 57 of the Complaint, as if set forth fully herein.

59.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their knockoff products as those of Plaintiff's Asserted Brand products through the unauthorized use of the Asserted Brand Copyrights, thereby causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Asserted Brand products, falsely representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

**ANSWER:**     The Dykema Defendants deny the allegations in Paragraph 59 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 of the Complaint, and therefore deny the same.

60.     The foregoing acts of Defendants constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq.

**ANSWER:**     The Dykema Defendants deny the allegations in Paragraph 60 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 60 of the Complaint, and therefore deny the same.

61.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its Asserted Brand's reputation and goodwill. Unless enjoined by the Court, Plaintiff will continue to suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**ANSWER:**     The Dykema Defendants deny the allegations in Paragraph 61 of the Complaint as to the Dykema Defendants. The Dykema Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 of the Complaint, and therefore deny the same.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

62.     Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

63.     Plaintiff's claims for copyright infringement are barred for lack of subject matter jurisdiction because Plaintiff lacks valid copyright registrations for the intellectual property rights asserted against the Dykema Defendants.

## THIRD AFFIRMATIVE DEFENSE

64.     Plaintiff's alleged copyright registrations are invalid and/or unenforceable. Plaintiff's alleged copyright registrations are invalid and/or unenforceable because Plaintiff engaged in fraud on the Copyright Office by knowingly and willfully submitting material misrepresentations to the Copyright Office.  In addition, Plaintiff's alleged copyright registrations are invalid and/or unenforceable because the claimed work is not original and/or does not possess at least a minimum degree of creativity. Further, Plaintiff's alleged copyright registrations are

26

photographs, not 3-D clothing designs applicable for copyright protection. This is affirmed by their respective registrations, detailing the alleged copyright registrations as only photographs. These are further invalid because the photographs are functional and/or not capable of existing independently.

## FOURTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred because Plaintiff does not have ownership rights in its claimed copyrighted materials.

## FIFTH AFFIRMATIVE DEFENSE

66. The Dykema Defendants have not and do not infringe Plaintiff's alleged copyright registrations.

## SIXTH AFFIRMATIVE DEFENSE

67. On information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel, acquiescence, waiver, and unclean hands. In addition, Plaintiff is engaging in copyright misuse by enforcing rights in works that are not copyrightable and copyrights obtained through fraud on the Copyright Office to hinder legitimate marketplace competition from the Dykema Defendants (and others) who wish to offer clothing manufactured by a common supplier(s) and Plaintiff is improperly using the threat of protracted litigation to try and extort settlement offers and/or deny the consumers' ability to see the clothing visually.

## SEVENTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred because the Dykema Defendants are authorized to publish the accused photographs and/or are owners of the copyrights to the accused photographs.

## EIGHTH AFFIRMATIVE DEFENSE

69. The Dykema Defendants allege that Plaintiff did not suffer any damages. Alternatively, while denying all the allegations of the Complaint regarding liability, injury, and damages allegedly sustained by Plaintiff, to the extent Plaintiff may be able to prove any injury or damage, any such injury or damage was not proximately related to any act or omission of the Dykema Defendants.

### NINTH AFFIRMATIVE DEFENSE

70. To the extent Plaintiff suffered any damages, which the Dykema Defendants expressly deny; Plaintiff has failed to take steps necessary to mitigate the damages sustained.

71. The Dykema Defendants reserve the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

### COUNTERCLAIMS

As counterclaims against Plaintiff, the Dykema Defendants hereby alleges as follows:

### PARTIES

1. Defendants and Counter-Claimants Floerns, Verdusa, SweatyRocks ("Counter-Claimants" or "Dykema Defendants") are Chinese business entities. The Dykema Defendants promote and sell clothing products via their respective internet stores.

2. Plaintiff and Counter-Defendant Hong King Leyuzhen Technology Co., Ltd ("Plaintiff" or "Counter-Defendant") admitted in its Complaint that it is a corporation organized under the laws of the People's Republic of China.

### JURISDICTION AND VENUE

3. By these counterclaims, the Dykema Defendant seek declarations pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5. By commencing this action in this Court, Plaintiff/Counter-Defendant consented to this Court's exercise of personal jurisdiction over it.

6. An actual controversy exists under the Declaratory Judgment Act because Plaintiff/Counter-Defendant filed an action for copyright infringement, false designation of origin under the Lanham Act, and violation of the Illinois Uniform Deceptive Trade Practices Act against the Dykema Defendants, amongst other defendants, alleging infringement and counterfeiting of certain photographs. The Dykema Defendants deny these assertions, deny that Plaintiff/Counter-Defendant lawfully owns the asserted copyrights, deny they have infringed Plaintiff/Counter-Defendant's alleged copyrights, and deny they violated 15 U.S.C. § 1125(a) and the Illinois Uniform Deceptive Trade Practices Act.

## FACTS

7. The Dykema Defendants repeat, reallege and incorporate by reference herein its allegations contained in paragraphs 1 through 7, above.

8. Plaintiff/Counter-Defendant filed an application, with the United States Copyright Office (the "Copyright Office"), titled "Rotita8-2023" for the group registration of certain published photographs. With respect to its "Rotita8-2023" application, Plaintiff/Counter-Defendant represented to the Copyright Office that it is the author and copyright claimant of the 569 submitted photographs. On November 12, 2023, the Copyright Office approved the "Rotita8-2023" application and issued Copyright Registration No. VA0002379907 for a "Group Registration Of Published Photographs.568 Photographs. 2023-01-04 To 2023-08-22." *See* Dkt. 35-1, pp. 9-10.

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

9.      Plaintiff/Counter-Defendant also filed an application, with the Copyright Office, titled "Rotita7-2023" for the group registration of certain published photographs. With respect to its "Rotita7-2023" application, Plaintiff/Counter-Defendant represented to the Copyright Office that it is the author and copyright claimant of the 534 submitted photographs. On November 12, 2023, the Copyright Office approved "Rotita7-2023" application and issued Copyright Registration No. VA0002379899 for a "Group registration of published photographs.534 photographs. 2023-07-28 to 2023-11-08. *See* Dkt. 35-1, pp. 19-20.

10.      In the Complaint, Plaintiff/Counter-Defendant accused Defendant Floerns of infringing one photo in a group of 568 photos in Copyright Registration No. VA0002379907. Plaintiff/Counter-Defendant also accused Defendants Verdusa of infringing one photo and SweatyRocks of infringing two additional photos in a group of 534 photos in Copyright Registration No. VA0002379899.

11.      Plaintiff/Counter-Defendant claims it has exclusive rights to Copyright Registration Nos. VA0002379899 and VA0002379907 (the "Asserted Copyright Registrations").

12.      On information and belief, the accused infringing photos of the Dykema Defendants were created prior to the creation date of the asserted photos in Plaintiff's Asserted Copyright Registrations and some or all were published on the Dykema Defendants' respective online stores to promote clothing products for sale before the asserted photos were published by Plaintiff. The Dykema Defendants do not sell counterfeit Rotita Brand products, and Plaintiff/Counter-Defendant does not claim to have intellectual property rights in those products, only in the photos of such products.

13.      The Dykema Defendants did not copy Plaintiff/Counter-Defendant's photographs from the Rotita website or otherwise, but rather obtained the photographs from their clothing

30

suppliers. The clothing suppliers obtained the photographs from photography businesses who are the photographers of the photos and provided them to the suppliers; the suppliers assigned ownership of the copyrights in the accused photos to the Dykema Defendants.

14. Zhou Hongyi is a photographer who works for NEW STAR Photography Base located at Shatou Daping Industrial Street, Panyu District, Guangzhou, China (the "First Photography Business"). Part of Zhou Hongy's job involves taking photographs of models wearing clothing products supplied by clothing suppliers. These clothing suppliers hire the First Photography Business to take such photographs for them. These clothing suppliers supply clothing products to online stores and provide such photographs to these stores so that the stores can display the photographs in connection with the stores' listings of the clothing products for sale. The Declaration of Zhou Hongyi is attached hereto as Exhibit A.

15. Zhou Hongyi was the photographer of the following three (3) photographs that were provided to a clothing supplier who hired the Photography Business:



"Photograph 1"

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT



"Photograph 2"



"Photograph 3"

*See* Exhibit A.

16.     The Photography Business did not assign, license, or otherwise authorize use of these photographs to the Plaintiff/Counter-Defendant. Based on the First Photography Business' business records, the file properties for the originals of Photographs 1, 2 and 3, and/or Zhou Hongyi's recollection, Zhou Hongyi took Photograph 1 on July 28, 2023, Photograph 2 on August 1, 2023, and Photograph 3 on August 3, 2023.  *See* Exhibit C.

17.     Xu Yujie is a photographer who works for Guangzhou Zihe Culture Media Co., Ltd. located at Dashi Street, Panyu District, Guangzhou China ("Second Photography Business").  Part of Xu Yujie's job involves taking photographs of models wearing clothing products supplied by clothing suppliers.  These clothing suppliers hire the Second Photography Business to take such photographs for them.  These clothing suppliers supply clothing products

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

to online stores and provide such photographs to these stores so that the stores can display the photographs in connection with the stores' listings of the clothing products for sale. The Declaration of Xu Yujie is attached hereto as Exhibit B.

18. Xu Yujie was the photographer of the following photograph that was provided to a clothing supplier who hired the Second Photography Business:



"Photograph 4"

*See* Exhibit B.

19. The Second Photography Business did not assign, license, or otherwise authorize use of this photograph to Plaintiff/Counter-Defendant. Based on the Second Photography Business' business records, the file properties for the original of Photograph 4 and/or Xu Yujie's recollection indicate it was taken on October 10, 2022. *See* Exhibit B.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Invalid Copyrights for Fraud on the Copyright Office)

20. The Dykema Defendants repeat, reallege and incorporate by reference herein its allegations contained in paragraphs 1 through 19, above.

21. Plaintiff/Counter-Defendant accused Defendant Floerns of infringing one photo in a group of 568 photos in Copyright Registration No. VA0002379907; accused Defendant Verdusa of infringing one photo in a group of 534 photos in Copyright Registration No. VA0002379899;

and accused SweatyRocks of infringing two other photos in the group of 534 photos in Copyright Registration No. VA0002379899 (collectively, the "Asserted Copyright Registrations").

22.     Specifically, Plaintiff/Counter-Defendant accused Defendant SweatyRocks of infringing the left photographs depicted below by Defendant SweatyRocks' publication of Photograph 1 and Photograph 2.

| Defend ant No. | Seller's Name | Copyright ed Photo | Infringer's Photo | Link to Infringing Photo |
|---|---|---|---|---|
| 63 | SweatyRocks | | | https://www.amazon.com/dp/B0C H9Y3GPQ/ref=mweb_up_am_fl_s t_na_ow_up_sm_web https://www.amazon.com/SweatyR ocks-Womens-Raglan-Sweatshirt-Pullover/dp/B0CHS2MKPT?sourc e=ps-sl-shoppingads-lpcontext&ref_=fplfs&psc=1&smi d=A1VPKORG9334X4 |

23.     In addition, Plaintiff/Counter-Defendant accused Defendant Verdusa of infringing the left photograph depicted below by Defendant Verdusa's publication of Photograph 3.

| | | | | |
|---|---|---|---|---|
| 67 | Verdusa | | | https://www.amazon.ca/Verdusa-Womens-Leopard-Lantern-Pullover/dp/B0CHJW1NFN?th=1 |

34

24. Plaintiff/Counter-Defendant accused Defendant Floerns of infringing the left photograph depicted below by Defendant Floerns' publication of Photograph 4.

| 75 | Floerns | | https://www.amazon.com/dp/B0CP1Q4W4K/ref=mweb_up_am_fl_st_na_ow_up_sm_web |
|---|---|---|---|

25. The subject matter of the Asserted Copyright Registrations appear to depict the same articles of clothing as that depicted in Photograph 1, Photograph 2, Photograph 3, and Photograph 4, respectively.

26. The subject matter of the Asserted Copyright Registrations appear to depict the same models wearing the same clothing as that depicted in Photograph 1, Photograph 2, Photograph 3, and Photograph 4, respectively. On information and belief, the Dykema Defendants' clothing suppliers obtained the photographs that are the subject of the Asserted Copyright Registrations from the photography businesses and photographers who took Photograph 1, Photograph 2, Photograph 3, and Photograph 4.

27. Thus, on information and belief, these photography businesses and/or photographers are the original authors of the photographs that are the subject of the Asserted Copyright Registrations.

28. Accordingly, on information and belief, Plaintiff/Counter-Defendant is not the author or owner of the photographs that are the subject of the Asserted Copyright Registrations.

29. On information and belief, the Asserted Copyright Registrations are invalid and unenforceable because Plaintiff/Counter-Defendant wrongfully obtained the registrations through

35

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

fraud upon the Copyright Office and because Plaintiff/Counter-Defendant wrongfully claims ownership of the Asserted Copyright Registrations .

30. On information and belief, Plaintiff/Counter-Defendant made various misrepresentations to the Copyright Office within its applications for the Asserted Copyright Registrations including:

(a) Plaintiff/Counter-Defendant's assertion that it is the author of the Asserted Copyright Registrations;

(b) Plaintiff/Counter-Defendant's assertion that it is the owner of Asserted Copyright Registrations;

(c) Plaintiff/Counter-Defendant's failure to identify the true author of the Asserted Copyright Registrations;

(d) Plaintiff/Counter-Defendant's failure to identify the true owner or co-owner of the Asserted Copyright Registrations;

31. On information and belief, in its applications for the Asserted Copyright Registrations, Plaintiff/Counter-Defendant knowingly and willfully misrepresented that it was the author and owner of the Asserted Copyright Registrations, intending to mislead the Copyright Office, such that the Copyright Office would rely on this material information, approve the application, and issue a copyright registration.

32. Had the Copyright Office known that the information submitted by Plaintiff/Counter-Defendant in its applications for the Asserted Copyright Registrations regarding authorship and ownership was false, the applications would have been refused and the Asserted Copyright Registrations would not have been issued.

33. Therefore, Plaintiff/Counter-Defendant committed fraud on the Copyright Office by falsely representing that it is the author and owner of the Asserted Copyright Registrations with the intent to deceive.

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

34.     Based on the foregoing, the Dykema Defendants are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Asserted Copyright Registrations are invalid and unenforceable.

35.     In addition, the Dykema Defendants are entitled to an order the directing the Plaintiff/Counter-Defendant and/or Copyright Office to cancel the Asserted Copyright Registrations because they were fraudulently procured.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalid Copyrights)

36.     The Dykema Defendants repeat, reallege and incorporate by reference herein its allegations contained in paragraphs 1 through 35, above.

37.     There is an actual and justiciable controversy between the parties regarding the alleged copyright infringement.

38.     Plaintiff/ Counter-Defendant accused Defendant Floerns of infringing one photo in a group of 568 photos in Copyright Registration No. VA0002379907; accused Defendant Verdusa of infringing one photo in a group of 534 photos in Copyright Registration No. VA0002379899; and accused SweatyRocks of infringing two other photos in the group of 534 photos in Copyright Registration No. VA0002379899 (collectively, the "Asserted Copyright Registrations").

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

39. Specifically, Plaintiff/Counter-Defendant accused Defendant SweatyRocks of infringing the left photographs depicted below by Defendant SweatyRocks' publication of Photograph 1 and Photograph 2.

| Defend ant No. | Seller's Name | Copyright ed Photo | Infringer's Photo | Link to Infringing Photo |
|---|---|---|---|---|
| 63 | SweatyRocks | | | https://www.amazon.com/dp/B0C H9Y3GPQ/ref=mweb_up_am_fl_s t_na_ow_up_sm_web https://www.amazon.com/SweatyR ocks-Womens-Raglan-Sweatshirt-Pullover/dp/B0CHS2MKPT?sourc e=ps-sl-shoppingads-lpcontext&ref_=fplfs&psc=1&smi d=A1VPKORG9334X4 |

40. In addition, Plaintiff/Counter-Defendant accused Defendant Verdusa of infringing the left photograph depicted below by Defendant Verdusa's publication of Photograph 3.

| | | | | |
|---|---|---|---|---|
| 67 | Verdusa | | | https://www.amazon.ca/Verdusa-Womens-Leopard-Lantern-Pullover/dp/B0CHJW1NFN?th=1 |

41. Plaintiff/Counter-Defendant accused Defendant Floerns of infringing the left photograph depicted below by Defendant Floerns' publication of Photograph 4.

| | | | | |
|---|---|---|---|---|
| 75 | Floerns | | | https://www.amazon.com/dp/B0C P1Q4W4K/ref=mweb_up_am_fl_s t_na_ow_up_sm_web |

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

42. The subject matter of the Asserted Copyright Registrations appear to depict the same articles of clothing as that depicted in Photograph 1, Photograph 2, Photograph 3, and Photograph 4, respectively.

43. The subject matter of the Asserted Copyright Registrations appear to depict the same models wearing the same clothing as that depicted in Photograph 1, Photograph 2, Photograph 3, and Photograph 4, respectively. On information and belief, the Dykema Defendants' clothing suppliers obtained the photographs that are the subject of the Asserted Copyright Registrations from the photography businesses and photographers who took Photograph 1, Photograph 2, Photograph 3, and Photograph 4.

44. Thus, on information and belief, these photography businesses and/or photographers are the original authors of the photographs that are the subject of the Asserted Copyright Registrations.

45. Accordingly, on information and belief, Plaintiff/Counter-Defendant is not the author of the photographs that are the subject of the Asserted Copyright Registrations.

46. Upon information and belief, therefore, Plaintiff/Counter-Defendant did not independently create the claimed work. Accordingly, the Asserted Copyright Registrations are not valid because the claimed work is not original and/or does not possess at least a minimum degree of creativity.

47. Upon information and belief, the Asserted Copyright Registrations are also invalid because exact or near exact copies of the subject matter of the Asserted Copyright Registrations existed prior to Plaintiff/Counter-Defendant's alleged creation and/or first publication date ("Prior Art Copies").

48.     Upon information and belief, Plaintiff/Counter-Defendant had actual or constructive knowledge of the Prior Art Copies when filing for the Asserted Copyright Registrations at the United States Copyright Office and willfully did not disclose the Prior Art Copies.

49.     Based on the foregoing, the Dykema Defendants are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Asserted Copyright Registrations are invalid and unenforceable.

## THIRD COUNTERCLAIM

### (Unfair Competition)

50.     The Dykema Defendants repeat, reallege and incorporate by reference herein its allegations contained in paragraphs 1 through 49, above.

51.     The Dykema Defendants are seeking to compete with Plaintiff/Counter-Defendant in the U.S. market for online clothing sales. Plaintiff/Counter-Defendant's seeks to bar the Dykema Defendants from being able to visually display their respective clothing products to consumers on their respective internet stores. The Plaintiff/Counter-Defendant's exclusionary conduct as alleged herein—whether or not such conduct constitutes a violation of the Sherman Act—has unreasonably interfered with the Dykema Defendants' ability to compete in that market, is not protected by any privilege, and constitutes unfair competition in violation of the common law of the State of Illinois.

52.     As a direct and proximate result of Plaintiff/Counter-Defendant's unlawful conduct, the Dykema Defendants have been injured and financially damaged in amounts to be determined at trial.

53.     The damages the Dykema Defendants have sustained and continue to sustain include, but are not limited to,  the attorney's fees and costs incurred in defending this litigation,

40

as well as the forced diversion of resources away from other areas of the Dykema Defendants' respective businesses.

54.     Unless Plaintiff/Counter-Defendant is enjoined, it will continue to engage in the unlawful conduct alleged above. Further, unless the Court enjoins Plaintiff/Counter-Defendant's unlawful conduct, the Dykema Defendants will continue to suffer irreparable harm to their respective businesses.

## FOURTH COUNTERCLAIM

### (Tortious Interference – Interference with Prospective Economic Advantage)

55.     The Dykema Defendants repeat, reallege and incorporate by reference herein its allegations contained in paragraphs 1 through 54, above.

56.     Plaintiff/Counter-Defendant has inflicted intentional interference with prospective economic advantage through the wrongful inducement of Amazon to bar the Dykema Defendants from the continued sale of their respective clothing products, which are not protected by Plaintiff/Counter-Defendant's Asserted Copyright Registrations. Furthermore, Plaintiff/Counter-Defendant's freezing of the Dykema Defendants' respective assets, including respective store accounts, has inflicted intentional interference with prospective economic advantage through the wrongful inducement of Amazon to bar the Dykema Defendants from the continued sale of clothing products that are not even depicted in the subject matter of the Asserted Copyright Registrations.

57.     This has caused intentional harm to the Dykema Defendants and acts as a causal connection between the Plaintiff/Counter-Defendant's conduct and the actual harm to the Dykema Defendants.

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

58.     Unless Plaintiff/Counter-Defendant is enjoined, it will continue to engage in the unlawful conduct alleged above. Further, unless the Court enjoins Plaintiff/Counter-Defendant's unlawful conduct, the Dykema Defendants will continue to suffer irreparable harm to its reputation, goodwill of its brand, and ongoing direct economic harm due to the continued bar of their respective products from sale and freezing of their assets, including respective store accounts.

## PRAYER FOR RELIEF

**WHEREFORE**, the Dykema Defendants ask the Court for judgment as follows:

A. That all relief sought by Plaintiff be denied;

B. That Plaintiff's claims be dismissed with prejudice;

C. That the Dykema Defendants' counterclaims be granted;

D. That this Court declare that Plaintiff/Counter-Defendant's copyrights are unenforceable and invalid on the grounds that they were fraudulently procured and/or the works are not copyrightable;

E. That the Plaintiff/Counter-Defendant and/or the Copyright Office be directed to cancel the Asserted Copyright Registrations on the grounds that they were fraudulently procured and/or the works are not copyrightable;

F. That the Dykema Defendants/Counter-Plaintiffs be awarded its costs and attorneys' fees with respect to this action;

G. That the Court adjudge and decree that the unlawful conduct alleged herein constitutes a violation of Illinois common law;

H. That the Court grant permanent injunctive relief under the antitrust laws putting an end to Plaintiff/Counter-Defendant's illegal conduct, depriving the Plaintiff/Counter-Defendant of the benefits of such conduct, and restoring competition to the marketplace;

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT

I. That the Court grant permanent injunctive relief based on Plaintiff/Counter-Defendant's unfair competition and interference with prospective economic advantage in violation of the common law of Illinois;

J. That the Court award compensatory damages to the Dykema Defendants/Counter-Plaintiffs for Plaintiff/Counter-Defendant's unfair competition and interference with prospective economic advantage in violation of the common law of the State of Illinois;

K. That the Court award damages to the Dykema Defendants/Counter-Plaintiffs for Plaintiff/Counter-Defendant's interference with prospective economic advantage;

L. That the Dykema Defendants/Counter-Plaintiffs be awarded all damages it has sustained as a consequence of Plaintiff/Counter-Defendant's actions, including, but not limited to, compensation for the wrongful injunction and freezing of Defendants' assets;

M. For such other and further relief as the Court deems appropriate and just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), the Dykema Defendants/Counter-Plaintiffs hereby request trial by jury on all issues so triable.

Respectfully submitted,

Date: June 24, 2024

/s/ Michael P. Adams
Michael P. Adams
**DYKEMA GOSSETT, PLLC**
111 Congress Avenue, Suite 1800
Austin, Texas 78701
Tel: (512) 703-6300
Fax: (512) 703-6399
Email: madams@dykema.com
Attorneys for Defendants Floerns, Verdusa, and SweatyRocks

43

## CERTIFICATE OF SERVICE

I certify that on June 24, 2024, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record via email.

By: *Michael P. Adams*
Michael P. Adams

122808.000130  4877-5752-8009.2

DEFENDANTS FLOERNS, VERDUSA, AND SWEATYROCKS' ANSWER, DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S UNSEALED COMPLAINT FOR COPYRIGHT INFRINGEMENT