**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **HONG KONG LEYUZHEN TECHNOLOGY CO., LTD,** <br><br> Plaintiff, <br><br> v. <br><br> **THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE A,** <br><br> Defendant. | Case No.: 1:24-cv-02939 <br><br> Honorable Matthew F. Kennelly |

<u>**DEFENDANTS MELLIFLO ("DEFENDANT #58"), AND FRONAGE ("DEFENDANT #76") TO PLAINTIFF'S COMPLAINT**</u>

Defendants Melliflo ("Defendant #58") and Fronage ("Defendant #76") ("Defendants") hereby file their Answer to Plaintiff Hong Kong Leyuzhen Technology Co., Ltd's ("Plaintiff") Unsealed Complaint ("Complaint"). Defendants' responses are solely responding with respect to Melliflo and Fronage and otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same. Defendants deny the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs:

<u>**Nature of the Action**</u>

1. This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill and valuable copyrights consisting of images and 3-D artwork embodied in Plaintiff's brand product line (the "Asserted Brand") of women's apparel (the "Asserted Brand Copyrights"). Plaintiff publishes Asserted Brand Copyrights on an online storefront located at the company's website associated with its Asserted Brand. Defendants

1

infringe the Asserted Brand Copyrights by publishing the copyrighted images and 3-D artwork on numerous fully interactive commercial internet stores ("Defendants' Online Stores") on the online Amazon platform identified on Schedule "A" (the "Online Platform"), and are using, without authorization, the Asserted Brand Copyrights and derivates thereof, to sell and/or offer for sale "knock-off" products of inferior quality and at bargain basement prices.

**ANSWER TO PARAGRAPH 1:**

Defendants admit that Plaintiff purports to bring an action alleging copyright infringement against Defendants relating to certain images. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the same.

2. Defendants likewise advertise, market, and/or sell their knockoff products embodying Plaintiff's Asserted Brand Copyrights by reference to the same photographs and 3-D artwork as genuine Asserted Brand products, which causes further confusion and deception in the marketplace. Unique identifiers common to Defendants' internet stores, such as design elements and similarities in Defendant's unlawful use of the Asserted Brand Copyrights, establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation.

**ANSWER TO PARAGRAPH 2:**

Denied.

3. Plaintiff is forced to file this action to combat Defendants' counterfeiting of Plaintiff's copyrights, as well as to protect unknowing consumers from purchasing knockoff

2

products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of the Asserted Brand's reputation and goodwill because of Defendants' actions, and therefore seeks injunctive and monetary relief.

**ANSWER TO PARAGRAPH 3:**

Denied.

**JURISDICTION AND VENUE**

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

**ANSWER TO PARAGRAPH 4:**

Defendants admit that this Court has original subject matter jurisdiction over Federal copyright claims. Defendants deny all remaining allegations in the paragraph.

5. This Court has jurisdiction over the unfair deceptive trade practices claim in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

**ANSWER TO PARAGRAPH 5:**

Defendants admit that Plaintiff has accurately stated the standard of jurisdiction. Defendants deny all remaining allegations in this paragraph.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each of the Defendants directly targets consumers in the United States, including those within the State of Illinois, through at least

the fully interactive commercial internet stores accessible through Defendants' Online Stores as identified in Schedule "A", which is attached hereto as Exhibit 2.

**ANSWER TO PARAGRAPH 6:**

Defendants admit that venue and jurisdiction is proper solely for the actions arising in this case. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and therefore deny the same.

7. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which residents can purchase inferior products that are advertised for sale using, without authorization, the Asserted Brand Copyrights. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including to the State of Illinois, accept payment in United States currency, and, on information and belief, has used photographs and 3-D artwork protected by the Asserted Brand Copyrights to sell competing products of lesser quality to residents of the State of Illinois.

**ANSWER TO PARAGRAPH 7:**

Defendants admit they operate online commercial stores. Defendants deny all remaining allegations in this paragraph.

8. Each of the Defendants is committing tortious acts in the State of Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of copyright infringement in this judicial district and do substantial business in the judicial district.

**ANSWER TO PARAGRAPH 8:**

4

Denied.

**THE PARTIES**

9.      Plaintiff is a corporation organized under the laws of the People's Republic of China and is the owner of numerous federal copyright registrations issued by the United States Copyright Office that constitute the Asserted Brand Copyrights. Attached hereto as Exhibit 1 is a table summarizing true and correct federal copyright registration information regarding the Asserted Brand Copyrights.

**ANSWER TO PARAGRAPH 9:**

Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph and therefore deny the same.

10.      Plaintiff founded the Asserted Brand in 2009, which is dedicated to women's fashion apparel and serves consumers in the United States and throughout the world.

**ANSWER TO PARAGRAPH 10:**

Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph and therefore deny the same.

11.      Between 2021 and 2022, Plaintiff designed, caused to subsist in material form, and first published the original protected Asserted Brand Copyrights on its website located at the company's designated website employing the Asserted Brand in its URL and over the years has worked hard to establish success and recognition for high quality women's apparel internationally and in the U.S.

**ANSWER TO PARAGRAPH 11:**

Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph and therefore deny the same.

12. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting its Asserted Brand and, specifically, the Asserted Brand Copyrights. As a result, the Asserted Brand is widely recognized and exclusively associated by consumers, the public, and the trade as being quality products.

**ANSWER TO PARAGRAPH 12:**

Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph and therefore deny the same.

13. Plaintiff owns all rights, including without limitation, the rights to reproduce the Asserted Brand Copyrights in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending, the protected works

**ANSWER TO PARAGRAPH 13:**

Defendants deny Plaintiff lawfully owns the copyrights asserted against them. Defendants deny all remaining allegations of this paragraph.

14. Plaintiff has neither licensed nor authorized Defendants to use the Asserted Brand Copyrights and none of the Defendants are authorized retailers of Plaintiff's genuine Asserted Brand products.

**ANSWER TO PARAGRAPH 14:**

Defendants deny they require Plaintiff's authorization to publish the accused photographs or sell their clothing products on their respective online stores. Defendants deny all remaining allegations of this paragraph.

15. Upon information and belief, Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China or Hong Kong.

Defendants conduct business throughout the United States, including within the State of Illinois and in this judicial district, through the operation of Defendants' Online Stores identified in Schedule "A", and has offered to sell and, on information and belief, has sold and continues to sell counterfeit Asserted Brand products to consumers within the United States, including in the State of Illinois and in this judicial district, utilizing, without authorization, the Asserted Brand Copyrights.

**ANSWER TO PARAGRAPH 15:**

Defendants admit they operate e-commerce stores under Melliflo ("Defendant #58") and Fronage ("Defendant #76") that sell to consumers in the United States and Illinois and that they are located in China. Defendants deny all remaining allegations.

16. Defendants go to great lengths to conceal their identities and the full scope of their operations making it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network.

**ANSWER TO PARAGRAPH 16:**

Denied.

<u>**DEFENDANTS' UNLAWFUL CONDUCT**</u>

17. The success of Plaintiff's Asserted Brand has resulted in counterfeiting and intentional copying of the company's products, and the sale and offering for sale of said products through the unauthorized use of the Asserted Brand Copyrights. Upon information and belief, Defendants conduct their illegal operations through commercial, online stores on the Online Platform. Each Defendant targets consumers in the United States, including in the State of Illinois, and sells and offers for sale counterfeit products through the unauthorized use of photographs and 3-D artwork protected by Asserted Brand Copyrights.

**ANSWER TO PARAGRAPH 17:**

Defendants admit they promote and sell products via their internet stores to consumers based in the United States. Defendants deny they require Plaintiff's authorization to publish the accused photographs or sell clothing on their respective online stores. Defendants deny all remaining allegations.

18. In similar cases involving multiple counterfeiters, defendants operating internet stores intentionally conceal their identities and the full scope of their counterfeiting operations to deter plaintiffs and Courts from learning their true identities and the full extent of their illegal counterfeiting operations.

**ANSWER TO PARAGRAPH 18:**

Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph and therefore deny the same.

19. In this case, through the unauthorized use of the Asserted Brand Copyrights on Defendants' Online Stores, Defendants are directly and personally contributing to, inducing and engaging in the infringement of the Asserted Brand Copyrights as alleged, often times as partners, co-conspirators and/or suppliers. Upon information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully use without authorization the Asserted Brand Copyrights, to manufacture, import, distribute, offer for sale, and sell competing inferior products.

**ANSWER TO PARAGRAPH 19:**

Defendants deny they require Plaintiff's authorization to publish the accused photographs or to sell clothing products on their online stores. Defendants deny all remaining allegations.

20.     Upon information and belief, and at all times relevant hereto, Defendants have had full knowledge of Plaintiff's ownership of the Asserted Brand Copyrights including its exclusive right to use and license the Asserted Brand and the goodwill associated therewith.

**ANSWER TO PARAGRAPH 20:**

Defendants deny Plaintiff lawfully owns the copyrights asserted against them. Defendants deny all remaining allegations.

21.     Plaintiff has identified numerous stores on the Online Platform, including Defendants' Online Stores, which are offering for sale, selling, and importing knockoff products to consumers in this judicial district and throughout the United States by using, without authorization, the Asserted Brand Copyrights. Infringers on e-commerce platforms such as Defendants' Online Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price ("MSRP") of goods seized by the U.S. government in fiscal year 2020 was over $1.3 billion. Internet websites like Defendants' Online Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

**ANSWER TO PARAGRAPH 21:**

Denied.

22.     On information and belief, Defendants set up seller accounts on the Online Platform using, without authorization, the Asserted Brand Copyrights so that they appear to unknowing consumers to be authorized online retailers of genuine Asserted Brand products. Defendants' Online Stores accept payment in United States currency via credit cards and PayPal.

9

**ANSWER TO PARAGRAPH 22:**

Defendants admit they accept payment in U.S. dollars via credit cards and/or PayPal. Defendants deny all remaining allegations in the paragraph.

23. On information and belief, Defendants deceive unknowing consumers by using Plaintiff's Asserted Brand Copyrights on Defendants' Online Stores without authorization to attract customers, and to sell counterfeit products resembling Asserted Brand products.

**ANSWER TO PARAGRAPH 23:**

Defendants deny Plaintiff lawfully owns the copyrights asserted against them. Defendants deny all remaining allegations in the paragraph.

24. Defendants, in similar type of counterfeit cases, deceive unknowing consumers by using the infringed intellectual property as originally used in connection with the sale of genuine products, within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer product searches. Additionally, counterfeiters in similar type cases, use other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendants internet store listings show up at or near the top of relevant search results and misdirect consumers searching for genuine products. Further, counterfeiters utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down.

**ANSWER TO PARAGRAPH 24:**

Denied. To the extent plaintiff is only referring generally to other "defendants" not including Defendants, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, as such, deny the allegations.

25. Here, a search for the Asserted Brand women's dresses on the Online Platform resulted in the unauthorized display of the Asserted Brand Copyrights being used to promote competing, inferior products. As such, Plaintiff also seeks to disable Defendants' Online Stores that are the means by which the Defendants use, without authorization, the Asserted Brand Copyrights to continue to sell knockoff products to consumers in the State of Illinois and in this judicial district.

**ANSWER TO PARAGRAPH 25:**

Defendants deny they require Plaintiff's authorization to display the accused photographs or sell certain clothing products on their respective online stores. Defendants deny all remaining allegations

26. On information and belief, Defendants conceal their identities by using multiple fictitious names and addresses to register and operate a massive network of internet stores. It is common practice for counterfeiters to register accounts with incomplete information, randomly typed letters, or omitted cities or states; use privacy services that conceal the owners' identity and contact information; and regularly create new websites and online marketplace accounts on various platforms including Defendants' Online Stores listed in Schedule "A", which is attached hereto as Exhibit "2". Such internet store registration patterns are one of many common tactics counterfeiters use to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down

**ANSWER TO PARAGRAPH 26:**

Denied.

11

27.     Upon receiving notice of a lawsuit, counterfeiters in similar cases will often register new domain names or online marketplace accounts under new aliases.[1] Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2021 U.S. Customs and Border Protection ("CBP") report on seizure statistics indicated that e-commerce sales accounted for 13.3% of total retail sales with second quarter of 2021 retail e-commerce sales estimated at $222.5 billion.[2] In FY 2021, there were 213 million express mail shipments and 94 million international mail shipments. Id. Nearly 90 percent of all intellectual property seizures occur in the international mail and express environments. *Id*. at 27. The "overwhelming volume of small packages also makes CBP's ability to identify and interdict high risk packages difficult." *Id*. at 23

**ANSWER TO PARAGRAPH 27:**

Defendants lack sufficient knowledge or information to admit or deny the allegations of this paragraph and therefore deny the same.

28.     Further, counterfeiters often operate multiple credit card merchant accounts and third-party accounts behind layers of payment gateways so that they can continue operating in spite of enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their Online Platform accounts to off-shore bank accounts

---

[1]     https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumers-aboutcounterfeitgoods-during (counterfeiters are "very adept at setting up online stores to lure the public into thinking they are purchasing legitimate good on legitimate websites") (last visited Apr. 6, 2022).

[2] U.S. Customs and Border Protection, Intellectual Property Right Seizure Statistics, FY 2021 (https://www.cbp.gov/sites/default/files/assets/documents/2022-Sep/202994%20-%20FY%202021%20IPR%20Seizure%20Statistics%20BOOK.5%20-%20FINAL%20%28508%29.pdf) at 23.

outside the jurisdiction of this Court particularly since it is believed that Defendants reside in the People's Republic of China or Hong Kong.

**ANSWER TO PARAGRAPH 28:**

Denied.

29. Defendants' unlawful use of Plaintiff's Asserted Brand Copyrights to promote knockoff products for sale on Defendants' Online Stores, bear similarities and indicia of interrelatedness, suggesting they are manufactured by and come from a common source. Notable features common to Defendants' Online Stores include lack of contact information, same or similar products for sale, identically or similarly priced items and sales discounts, shared hosting service, similar name servers, and their common infringement of Plaintiff's Asserted Brand Copyrights.

**ANSWER TO PARAGRAPH 29:**

Denied.

30. Defendants' use of Plaintiff's Asserted Brand Copyrights in connection with the advertising, marketing, distribution, offering for sale and the sale of competing products of inferior quality is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming the Asserted Brand. Defendants have manufactured, imported, distributed, offered for sale and sold their inferior products using the Asserted Brand Copyrights and will continue to do so.

**ANSWER TO PARAGRAPH 30:**

Denied.

31. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the Asserted Brand Copyrights in connection with the

13

advertisement, offer for sale and the sale of counterfeit or knockoff Asserted Brand products through, inter alia, their Online Stores identified in Schedule "A".

**ANSWER TO PARAGRAPH 31:**

Denied.

32.    Upon information and belief, Defendants will continue to infringe the Asserted Brand Copyrights for the purpose of selling inferior knockoff products unless preliminarily and permanently enjoined.

**ANSWER TO PARAGRAPH 32:**

Denied.

33.    Defendants' unauthorized use of the Asserted Brand Copyrights in connection with the advertising, distribution, offering for sale, and the sale of poor-quality products in the United States and specifically into the State of Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff's Asserted Brand.

**ANSWER TO PARAGRAPH 33:**

Denied.

34.    Unless enjoined, Defendants infringing conduct will continue to cause irreparable harm to Plaintiff.

**ANSWER TO PARAGRAPH 34:**

Denied.

**PLAINTIFF'S COUNT I**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)**

**[Against Defendants Designated In Schedule A]**

35. Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 34, above.

**ANSWER TO PARAGRAPH 35:**

Defendants repeat, reallege and incorporate by reference herein their allegations contained in paragraphs 1 through 34, above.

36. Plaintiff's Asserted Brand Copyrights have significant value and have been produced and created at considerable expense.

**ANSWER TO PARAGRAPH 36:**

Denied.

37. Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the Asserted Brand Copyrights in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending, the copyright protected works.

**ANSWER TO PARAGRAPH 37:**

Denied.

38. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using the Asserted Brand Copyrights without Plaintiff's permission.

**ANSWER TO PARAGRAPH 38:**

Denied.

39. Upon information and belief, Defendants have directly copied the Asserted Brand Copyrights to advertise, promote, offer for sale, and sell competing products of low quality and at a fraction of the price.

**ANSWER TO PARAGRAPH 39:**

Denied.

40.    As examples, Defendants deceive unknowing consumers by using, without authorization, the Asserted Brand Copyrights on Defendants' Online Stores to attract customers as follows.

****

**ANSWER TO PARAGRAPH 40:**

Denied.

41.    Defendants' unauthorized exploitation of Asserted Brand Copyrights to advertise, offer for sale and sell inferior products on Defendants' Online Stores constitutes copyright infringement.

**ANSWER TO PARAGRAPH 41:**

Denied.

42.    On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of the Asserted Brand Copyrights.

**ANSWER TO PARAGRAPH 42:**

Denied.

43.    Each Defendant either knew, or should have reasonably known, that the Asserted Brand Copyrights are copyright protected, and that their unauthorized display and use of the representations infringed on the Asserted Brand Copyrights. Further, each Defendant continues to infringe upon Plaintiff's rights in and to the Asserted Brand Copyrights.

**ANSWER TO PARAGRAPH 43:**

Denied.

16

44.     As a direct and proximate result of their unauthorized and infringing conduct, Defendants have obtained and continue to realize direct and indirect profits and other benefits rightfully belonging to Plaintiff, and that Defendants would not otherwise have realized but for their infringement of Plaintiff's Asserted Brand Copyrights.

**ANSWER TO PARAGRAPH 44:**

Denied.

45.     The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

**ANSWER TO PARAGRAPH 45:**

Denied.

46.     Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. § 504.

**ANSWER TO PARAGRAPH 46:**

Defendants admit Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504; however, Defendants deny that Plaintiff is entitled to such damages. Defendants deny all remaining allegations.

47.     In addition to actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). Each Defendant should be required to account for all gains, profits, and advantages derived by each Defendant from their acts of infringement.

**ANSWER TO PARAGRAPH 47:**

17

Defendants admit that Plaintiff seeks an award of damages including the profits made by Defendants; however, Defendants deny that Plaintiff is entitled to such damages. Defendants deny all remaining allegations.

48.     In the alternative, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

**ANSWER TO PARAGRAPH 48:**

Defendants admit Plaintiff seeks an award of damages; however, Defendants deny that Plaintiff is entitled to such damages. Defendants deny all remaining allegations.

49.     Plaintiff is entitled to, and may elect to choose injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing work and for an order under 17 U.S.C. § 503 that any of Defendants' infringing products be impounded and destroyed.

**ANSWER TO PARAGRAPH 49:**

Denied.

50.     Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**ANSWER TO PARAGRAPH 50:**

Denied.

51.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to the reputation and goodwill of their well-known Asserted Brand.

**ANSWER TO PARAGRAPH 51:**

Denied.

52.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. As such, Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Asserted Brand Copyrights and ordering that each Defendant destroy all unauthorized copies. Defendants' copies, plates, and other embodiments of the copyrighted works from which copies can be reproduced, if any, should be impounded and forfeited to Plaintiff as instruments of infringement, and all infringing copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C §503.

**ANSWER TO PARAGRAPH 52:**

Denied.

**PLAINTIFF'S COUNT II**

**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

**[Against Defendants Designated in Schedule A]**

53.     Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 34, above.

**ANSWER TO PARAGRAPH 53:**

Defendants repeat, realentanglege and incorporate by reference herein their allegations contained in paragraphs 1 through 52, above.

54.     Defendants' use of material protected by Plaintiff's Asserted Copyrights for the promotion, marketing, offering for sale, and the sale of knockoff Asserted Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to

false affiliation, connection, or association with Plaintiff's Asserted Brand or the false origin, sponsorship, or approval of Defendants' inferior products under Plaintiff's Asserted Brand.

**ANSWER TO PARAGRAPH 54:**

Denied.

55.     By using Plaintiff's Asserted Brand Copyrights in connection with Defendants' sale of knockoff products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of Defendants' inferior quality products.

**ANSWER TO PARAGRAPH 55:**

Defendants sell their own branded products, not Plaintiff branded products. Defendants deny all remaining allegations.

56.     Defendants' conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of its knockoff products to the general public under 15 U.S.C. §§ 1114, 1125.

**ANSWER TO PARAGRAPH 56:**

Denied.

57.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to the company's reputation and the goodwill of the Asserted Brand

**ANSWER TO PARAGRAPH 57:**

Denied.

**PLAINTIFF'S COUNT III**

**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**

**(815 ILCS § 510/1, et seq.)**

**[Against Defendants Designated in Schedule A]**

58.     Plaintiff repeats, realleges and incorporates by reference herein its allegations contained in paragraphs 1 through 34, above.

**ANSWER TO PARAGRAPH 58:**

Defendants repeat, reallege and incorporates by reference herein their allegations contained in paragraphs 1 through 57, above.

59.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their knockoff products as those of Plaintiff's Asserted Brand products through the unauthorized use of the Asserted Brand Copyrights, thereby causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Asserted Brand products, falsely representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

**ANSWER TO PARAGRAPH 59:**

Denied.

60.     The foregoing acts of Defendants constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq.

**ANSWER TO PARAGRAPH 60:**

Denied.

61.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its Asserted Brand's reputation and goodwill. Unless enjoined by the

Court, Plaintiff will continue to suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**ANSWER TO PARAGRAPH 61:**

Denied.

**ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF:**

To the extent that a response is required to Plaintiff's Prayer for Relief, Defendants deny that Plaintiff is entitled to any judgment against Defendants and/or an order granting them relief in any of the forms requested in parts 1a-h, 2-7.

**ANSWER TO PLAINTIFF'S JURY DEMAND:**

Plaintiff's jury demand is an averment to which no response is required

## DEFENDANTS AFFIRMATIVE DEFENSE

Defendants' affirmative defenses are listed below. By alleging the defenses set forth below, Defendants do not agree or concede that they bear the burden of proof or the burden of persuasion on any of these issues, either in whole or in part. Defendants reserve the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for copyright infringement are barred for lack of subject matter jurisdiction because Plaintiff lacks valid copyright registrations for the intellectual property rights asserted against Defendants.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's alleged copyright registrations are invalid and/or unenforceable. Plaintiff's alleged copyright registrations are invalid and/or unenforceable because Plaintiff engaged in fraud on the Copyright Office by knowingly and willfully submitting material misrepresentations to the Copyright Office. Plaintiff's alleged copyright registrations are invalid and/or unenforceable because the claimed work is not original and/or does not possess at least a minimum degree of creativity. Additionally, Plaintiff's alleged copyright registrations are photographs, not 3-D clothing designs applicable for copyright protection. This is affirmed by their respective registrations, detailing the alleged copyright registrations as only photographs. These are further invalid because the photographs are functional and/or not capable of existing independently.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff does not have ownership rights in its claimed copyrighted materials.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants have not and do not infringe Plaintiff's alleged copyright registrations.

**SIXTH AFFIRMATIVE DEFENSE**

On information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, estoppel, acquiescence, waiver, and unclean hands. In addition, Plaintiff is engaging in copyright misuse by enforcing rights in works that are not copyrightable and copyrights obtained through fraud on the Copyright Office to hinder legitimate marketplace competition from Defendants (and others) who wish to offer clothing manufactured by a common supplier(s) and Plaintiff is improperly using the threat of protracted litigation to try and extort settlement offers and/or deny the consumers' ability to see the clothing visually.

23

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants are authorized to publish the accused photographs and/or are owners of the copyrights to the accused photographs.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff did not suffer any damages. Alternatively, while denying all the allegations of the Complaint regarding liability, injury, and damages allegedly sustained by Plaintiff, to the extent Plaintiff may be able to prove any injury or damage, any such injury or damage was not proximately related to any act or omission of Defendants.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any damages, which Defendants expressly deny; Plaintiff has failed to take steps necessary to mitigate the damages sustained.

## COUNTERCLAIMS

Melliflo ("Defendant #58") and Fronage ("Defendant #76") hereby assert the following counterclaims against Plaintiff:

## PARTIES

1.      Defendants and Counter-Claimants Melliflo (Defendant #58") and Fronage ("Defendant #76") ("Counter-Claimants" or "Defendants") are Chinese business entities. Defendants promote and sell clothing products via their respective internet stores.

2.      Plaintiff and Counter-Defendant Hong King Leyuzhen Technology Co., Ltd ("Plaintiff" or "Counter-Defendant") admitted in its Complaint that it is a corporation organized under the laws of the People's Republic of China.

24

**JURISDICTION AND VENUE**

3.　　By these counterclaims, Defendants seek declarations pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.　　This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5.　　By commencing this action in this Court, Plaintiff/Counter-Defendant consented to this Court's exercise of personal jurisdiction over it.

6.　　An actual controversy exists under the Declaratory Judgment Act because Plaintiff/Counter-Defendant filed an action for copyright infringement, false designation of origin under the Lanham Act, and violation of the Illinois Uniform Deceptive Trade Practices Act against the Defendants, alleging infringement and counterfeiting of certain photographs. Defendants deny these assertions, deny that Plaintiff/Counter-Defendant lawfully owns the asserted copyrights, deny they have infringed Plaintiff/Counter-Defendant's alleged copyrights, and deny they violated 15 U.S.C. § 1125(a) and the Illinois Uniform Deceptive Trade Practices Act.

**FACTS**

7.　　Defendants repeat, reallege and incorporate by reference herein their allegations contained in paragraphs 1 through 6, above

8.　　Plaintiff/Counter-Defendant filed an application, with the United States Copyright Office (the "Copyright Office"), titled "Rotita8-2023" for the group registration of certain published photographs. With respect to its "Rotita8-2023" application, Plaintiff/Counter-Defendant represented to the Copyright Office that it is the author and copyright claimant of the 569 submitted photographs. On November 12, 2023, the Copyright Office approved the "Rotita8-2023" application and issued Copyright Registration No. VA0002379907 for a "Group

25

Registration Of Published Photographs.568 Photographs. 2023-01-04 To 2023-08-22." See Dkt. 35-1, pp. 9-10.

9.      Plaintiff/Counter-Defendant also filed an application, with the Copyright Office, titled "Rotita7-2023" for the group registration of certain published photographs. With respect to its "Rotita7-2023" application, Plaintiff/Counter-Defendant represented to the Copyright Office that it is the author and copyright claimant of the 534 submitted photographs. On November 12, 2023, the Copyright Office approved "Rotita7-2023" application and issued Copyright Registration No. VA0002379899 for a "Group registration of published photographs.534 photographs. 2023-07-28 to 2023-11-08. See Dkt. 35-1, pp. 19-20.

10.     In the Complaint, Plaintiff/Counter-Defendant accused Defendant Fronage of infringing one photo in a group of 568 photos in Copyright Registration No. VA0002379907. Plaintiff/Counter-Defendant also accused Defendant Melliflo of infringing one photo in a group of 534 photos in Copyright Registration No. VA0002379899.

11.     Plaintiff/Counter-Defendant claims it has exclusive rights to Copyright Registration Nos. VA0002379899 and VA0002379907 (the "Asserted Copyrights").

12.     On information and belief, the accused infringing photos of Defendants were created prior to the creation date of the asserted photos in Plaintiff's Asserted Copyrights and some or all were published on Defendants' respective online stores to promote clothing products for sale before the asserted photos were published by Plaintiff. Defendants do not sell counterfeit Rotita Brand products, and Plaintiff/Counter-Defendant does not claim to have intellectual property rights in those products, only in the photos of such products.

26

13.    Defendants did not copy Plaintiff/Counter-Defendant's photographs from the Rotita website or otherwise, but rather obtained the photographs from their clothing suppliers for the purposes of advertising clothing products purchased for resale.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Invalid Copyrights for Fraud on the Copyright Office)

14.    Defendants repeat, reallege and incorporate by reference herein their allegations contained in paragraphs 1 through 14, above.

15.    Plaintiff/Counter-Defendant accused Defendant Fronage of infringing one photo in a group of 568 photos in Copyright Registration No. VA0002379907 and accused Defendant Melliflo of infringing one photo in a group of 534 photos in Copyright Registration No. VA0002379899 (collectively, the "Asserted Copyrights") as shown below.



16.    The subject matter of the Asserted Copyrights appears to depict the same articles of clothing and allegedly the same models wearing the same clothing. On information and belief, Defendants' clothing suppliers obtained the photographs that are the subject of the Asserted Copyrights from photography businesses.

17.    Therefore, on information and belief, these photography businesses and/or photographers are the original authors of the photographs that are the subject of the Asserted Copyrights.

18.     Accordingly, Plaintiff/Counter-Defendant is not the author or owner of the photographs that are the subject of the Asserted Copyrights, and the Asserted Copyrights are invalid and unenforceable because Plaintiff/Counter-Defendant wrongfully obtained the registrations through fraud upon the Copyright Office and because Plaintiff/Counter-Defendant wrongfully claims ownership of the Asserted Copyrights.

19.     On information and belief, Plaintiff/Counter-Defendant made various misrepresentations to the Copyright Office within its applications for the Asserted Copyrights including:

- Plaintiff/Counter-Defendant's assertion that it is the author of the Asserted Copyrights, and failure to identify the true authors of the Asserted Copyright;

- Plaintiff/Counter-Defendant's assertion that it is the owner of Asserted Copyrights and failure to identify the true owner of the Asserted Copyrights.

20.     On information and belief, in its applications for the Asserted Copyrights, Plaintiff/Counter-Defendant knowingly and willfully misrepresented that it was the author and owner of the Asserted Copyrights, intending to mislead the Copyright Office, such that the Copyright Office would rely on this material information, approve the application, and issue a copyright registration.

21.     Had the Copyright Office known that the information submitted by Plaintiff/Counter-Defendant in its applications for the Asserted Copyrights regarding authorship and ownership was false, the applications would have been refused and the Asserted Copyrights would not have been issued.

22. Therefore, Plaintiff/Counter-Defendant committed fraud on the Copyright Office by falsely representing that it is the author and owner of the Asserted Copyrights with the intent to deceive.

23. Based on the foregoing, Defendants are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Asserted Copyrights are invalid and unenforceable.

24. In addition, Defendants are entitled to an order directing the Plaintiff/Counter-Defendant and/or Copyright Office to cancel the Asserted Copyrights because they were fraudulently procured.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalid Copyrights)**

25. Defendants repeat, reallege and incorporate by reference herein its allegations contained in paragraphs 1 through 25, above.

26. There is an actual and justiciable controversy between the parties regarding the alleged copyright infringement.

27. On information and belief, Defendants' clothing suppliers obtained the photographs that are the subject of the Asserted Copyrights from the photography businesses and photographers.

28. Thus, on information and belief, these photography businesses and/or photographers are the original authors of the photographs that are the subject of the Asserted Copyrights.

29. Accordingly, on information and belief, Plaintiff/Counter-Defendant is not the author of the photographs that are the subject of the Asserted Copyrights.

30.     Upon information and belief, therefore, Plaintiff/Counter-Defendant did not independently create the claimed work. Accordingly, the Asserted Copyrights are not valid because the claimed work is not original and/or does not possess at least a minimum degree of creativity.

31.     Upon information and belief, the Asserted Copyrights are also invalid because exact or near exact copies of the subject matter of the Asserted Copyrights existed prior to Plaintiff/Counter-Defendant's alleged creation and/or first publication date ("Prior Art").

32.     Upon information and belief, Plaintiff/Counter-Defendant had actual or constructive knowledge of the Prior Art when filing for the Asserted Copyrights at the United States Copyright Office and willfully did not disclose the Prior Art.

33.      Based on the foregoing, Defendants are entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Asserted Copyrights are invalid and unenforceable.

## THIRD COUNTERCLAIM

### (Unfair Competition)

34.     Defendants repeat, reallege and incorporate by reference herein its allegations contained in paragraphs 1 through 34, above.

35.     Defendants are seeking to compete with Plaintiff/Counter-Defendant in the U.S. market for online clothing sales. Plaintiff/Counter-Defendant's seeks to bar Defendants from being able to visually display their respective clothing products to consumers on their respective internet stores. The Plaintiff/Counter-Defendant's exclusionary conduct as alleged herein—whether such conduct constitutes a violation of the Sherman Act—has unreasonably interfered with Defendants' ability to compete in that market, is not protected by any privilege, and constitutes unfair competition in violation of the common law of the State of Illinois.

36.     As a direct and proximate result of Plaintiff/Counter-Defendant's unlawful conduct, Defendants have been injured and financially damaged in amounts to be determined at trial.

37.     The damages Defendants have sustained and continue to sustain include, but are not limited to, the attorney's fees and costs incurred in defending this litigation as well as the forced diversion of resources away from other areas of Defendants' respective businesses.

38.     Unless Plaintiff/Counter-Defendant is enjoined, it will continue to engage in the unlawful conduct alleged above. Further, unless the Court enjoins Plaintiff/Counter-Defendant's unlawful conduct, Defendants will continue to suffer irreparable harm to their respective businesses.

## FOURTH COUNTERCLAIM

### (Tortious Interference – Interference with Prospective Economic Advantage)

39.     Defendants repeat, reallege and incorporate by reference herein its allegations contained in paragraphs 1 through 39, above.

40.     Plaintiff/Counter-Defendant has inflicted intentional interference with prospective economic advantage through the wrongful inducement of Amazon to bar Defendants from the continued sale of their respective clothing products, which are not protected by Plaintiff/Counter-Defendant's Asserted Copyrights. Furthermore, Plaintiff/Counter-Defendant's freezing of Defendants' respective assets, including respective store accounts, has inflicted intentional interference with prospective economic advantage through the wrongful inducement of Amazon to bar Defendants from the continued sale of clothing products that are not even depicted in the subject matter of the Asserted Copyrights.

31

41.     This has caused intentional harm to Defendants and acts as a causal connection between the Plaintiff/Counter-Defendant's conduct and the actual harm to Defendants.

42.     Unless Plaintiff/Counter-Defendant is enjoined, it will continue to engage in the unlawful conduct alleged above. Further, unless the Court enjoins Plaintiff/Counter-Defendant's unlawful conduct, Defendants will continue to suffer irreparable harm to its reputation, goodwill of its brand, and ongoing direct economic harm due to the continued bar of their respective products from sale and freezing of their assets, including respective store accounts.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants ask the Court for judgment as follows:

1.  That all relief sought by Plaintiff be denied;

2.  That Plaintiff's claims be dismissed with prejudice;

3.  That Defendants' counterclaims be granted;

4.  That this Court declare that Plaintiff/Counter-Defendant's copyrights are unenforceable and invalid on the grounds that they were fraudulently procured and/or the works are not copyrightable;

5.  That the Plaintiff/Counter-Defendant and/or the Copyright Office be directed to cancel the Asserted Copyrights on the grounds that they were fraudulently procured and/or the works are not copyrightable;

6.  That Defendants/Counter-Plaintiffs be awarded its costs and attorneys' fees with respect to this action;

7.  That the Court adjudge and decree that the unlawful conduct alleged herein constitutes a violation of Illinois common law;

32

8. That the Court grant permanent injunctive relief under the antitrust laws putting an end to Plaintiff/Counter-Defendant's illegal conduct, depriving the Plaintiff/Counter-Defendant of the benefits of such conduct, and restoring competition to the marketplace;

9. That the Court grant permanent injunctive relief based on Plaintiff/Counter-Defendant's unfair competition and interference with prospective economic advantage in violation of the common law of Illinois;

10. That the Court award compensatory damages to Defendants/Counter-Plaintiffs for Plaintiff/Counter-Defendant's unfair competition and interference with prospective economic advantage in violation of the common law of the State of Illinois;

11. That the Court award damages to Defendants/Counter-Plaintiffs for Plaintiff/Counter-Defendant's interference with prospective economic advantage;

12. That Defendants/Counter-Plaintiffs be awarded all damages it has sustained as a consequence of Plaintiff/Counter-Defendant's actions, including, but not limited to, compensation for the wrongful injunction and freezing of Defendants' assets;

13. For such other and further relief as the Court deems appropriate and just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants/Counter Plaintiffs hereby request trial by jury on all issues so triable.

July 5, 2024                                     Respectfully Submitted,

                                                 */s/ Steven G. Kalberg*
                                                 David R. Bennett
                                                 Steven G. Kalberg
                                                 Direction IP Law

33

P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com
skalberg@directionip.com

*Attorneys for Defendants and Counter-Claimants Melliflo (Defendant #58") and Fronage ("Defendant #76")*

34

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2024, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

*/s/ Steven G. Kalberg*
Steven G. Kalberg