**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **HONG KONG LEYUZHEN** | ) | |
| **TECHNOLOGY CO. LIMITED** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24 C 2939** |
| | ) | |
| **FLOERNS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

Hong Kong Leyuzhen Technology Co. Limited sued Floerns, Verdusa, and SweatyRocks (and others not at issue at this point) for copyright infringement, false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), and violation of the Illinois Uniform Deceptive Trade Practices Act. The defendants counterclaimed, alleging fraud on the copyright office, invalid copyrights, unfair competition, and tortious interference with prospective economic advantage. Defendants Floerns, Verdusa, and SweatyRocks filed a motion for summary judgment on plaintiff's claims. Hong Kong then cross-moved for summary judgment on defendants' counterclaims. For the reasons below, the Court grants defendants' motion for summary judgment and grants Hong Kong's motion for summary judgment in part and denies it in part. The parties are directed to show cause in writing within 14 days why counts 1 and 2 of defendants' counterclaims should not be dismissed for lack of jurisdiction.

**Background**

Although Hong Kong filed a response to defendants' summary judgment motion, it failed to respond to defendants' Rule 56.1 Statement of Undisputed Facts. As a result, the Court may deem those facts admitted for purposes of ruling on the summary judgment motion. *See* Local Rule 56.1(b)(3)(B); *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527–29 (7th Cir. 2000). In ruling on the motion, however, the Court has relied only on facts for which there is proper support in the record.

Hong Kong, Floerns, Verdusa, and SweatyRocks promote and sell clothing products via internet stores. Hong Kong received two copyright registrations from the U.S. Copyright Office in 2023, VA0002379907 and VA0002379899. These copyright registrations covered numerous photographs taken by a photography studio in early 2023 during a professional photoshoot. Hong Kong does not have a written agreement between it and the photography studio related to the photographs.

On April 11, 2024, Hong Kong filed suit against Floerns, Verdusa, and SweatyRocks (and others not relevant at this point) asserting claims for: copyright infringement (count 1), false designation of origin under the Lanham Act (count 2), and violation of the Illinois Uniform Deceptive Trade Practices Act (count 3). Hong Kong alleged that defendants displayed copyright-protected photographs online to promote competing, inferior clothing. In particular, Hong Kong alleged that defendants infringed its copyright on four photographs: Floerns regarding one photograph from registration VA0002379907, Verdusa regarding one photograph from registration VA0002379899, and SweatyRocks regarding two photographs from registration VA0002379899.

Hong Kong moved for a temporary restraining order on May 1, 2024. The Court

issued a TRO on May 6, finding that Hong Kong likely would suffer irreparable harm if the defendants were allowed to modify their registration data to create new online accounts and move assets offshore beyond the Court's jurisdiction. In accordance with the TRO, certain of the defendants' financial accounts were frozen. The Court converted the TRO to a preliminary injunction on June 5, 2024.

On June 24, 2024, defendants filed an answer and asserted four counterclaims: a request for a declaratory judgment that Hong Kong's copyrights were invalid for fraud on the Copyright Office (count 1), a request for a declaratory judgment that the copyrights were otherwise invalid (count 2), and claims for unfair competition (count 3) and tortious interference with prospective economic advantage (count 4). Discovery is complete. Defendants have moved for summary judgment on all of Hong Kong's claims. Hong Kong separately moved for summary judgment on all of the defendants' counterclaims.

## Discussion

Summary judgment is appropriate if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met this burden, the "party that bears the ultimate burden at trial must show that there is evidence creating a genuine issue of material fact." *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir.

2000).  The Court cannot "make credibility determinations" or "weigh the evidence." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).  Still, the nonmoving party must identify "specific facts showing that there is a genuine issue for trial" that go beyond a "mere scintilla of evidence" to overcome summary judgment.  *Johnson v. Advoc. Health & Hosps. Corp.*, 892 F.3d 887, 894, 896 (7th Cir. 2018).  If the party with the burden of proof cannot show that its claim or defense is factually supported, summary judgment against that party is appropriate.  *Celotex*, 477 U.S. at 323–24.

## A.      Plaintiff's claims

Hong Kong asserts claims for copyright infringement, false designation of origin under the Lanham Act, and violation of the Illinois Uniform Deceptive Trade Practices Act based on defendants' unauthorized use of four photographs to sell clothing online.  Hong Kong's copyright infringement claim is based on the same set of facts and analyzed under the same legal standards as its Lanham Act and Illinois Uniform Deceptive Trade Practices Act claims.  *Phoenix Entm't, LLC v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016); *Chicago Style Productions, Inc. v. Chicago Sun Times, Inc.*, 313 Ill. 3d 45, 728 N.E.2d 1204 (2000).  Neither party suggests that any of the issues briefed are to be analyzed differently with respect to these claims.  The Court thus concludes that Hong Kong's copyright infringement, Lanham Act and Illinois Uniform Deceptive Trade Practices Act claims rise or fall together.  *See Walt-W. Enters., Inc. v. Gannett Co.*, 695 F.2d 1050, 1054 n.4 (7th Cir. 1982).

The federal Copyright Act grants a copyright owner the exclusive right to reproduce and prepare derivatives of its copyrighted work.  17 U.S.C. § 106.  To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid

copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Registration of a work within five years of first publication is prima facie evidence of a copyright's validity. *See* 17 U.S.C. § 410(c). The accused infringer can overcome this rebuttable presumption of validity by showing that the copyright is invalid. *Urbont v. Sony Music Entm't*, 831 F.3d 80, 89 (2d Cir. 2016).

Ownership of a copyright "vests initially in the author or authors of the work." 17 U.S.C. § 201(a). Generally, the author of a work is "the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Shah v. NYP Holdings, Inc.*, No. 23-1127, 2024 WL 3825220, at *2 (7th Cir. Aug. 15, 2024). An exception to this rule exists for works "made for hire" as defined in section 101 of the Copyright Act. A work made for hire is "(1) a work prepared by an employee within the scope of his or her employment; or (2) a work specially ordered or commissioned . . . if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." 17 U.S.C. § 101.

It is undisputed that Hong Kong did not author the four photographs at issue. Thus the relevant copyright registrations are valid only if the photographs were works made for hire by an employee of Hong Kong or were works specifically ordered or commissioned via a signed written agreement.

Defendants presented evidence that Hong Kong does not have a written instrument signed by Hong Kong and the photography studio. Hong Kong responded, not by pointing to a written agreement, but instead by arguing that *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989), supports its ownership claim.

5

Although Hong Kong did not expressly argue that the photography studio was its employee, it used the employee analysis to support its argument that the photographs are works made for hire. To this end, Hong Kong states that an "actual control" standard is governing law in the Seventh Circuit. Hong Kong cites no case law in support of this contention, nor could it, as the assertion is incorrect. In *Reid*, the Supreme Court expressly rejected an "actual control" standard. *See id.* at 750. Instead, a court should use principles of general common law agency to determine if a work was created by an "employee" and is therefore considered a work made for hire under the Copyright Act. *Id.* at 751.

Hong Kong relies on broad factual assertions, without any citations to the record, to support its argument that the photography studio qualifies as an employee based on *Reid*. Hong Kong also argues, again without any supporting evidence, that the photographers have never asserted ownership rights, have consistently acknowledged plaintiff's exclusive ownership, and Hong Kong exclusively controlled the photographs. Without the identification of any evidence to support these arguments, however, Hong Kong's arguments fail. *See Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (A non-moving party must "respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial.").

Even if Hong Kong's arguments were supported by citations to evidence, Hong Kong argues only that it had control over the photography studio and the resulting photographs. This is not enough to establish that the photography studio was Hong Kong's employee when the photographs were created. *See Natkin v. Winfrey*, 111 F.

6

Supp. 2d 1003, 1010 (N.D. Ill. 2000). In short, no reasonable factfinder could find that the photographs were taken by a Hong Kong employee. Thus the photographs cannot qualify as works made for hire under that definition.

Alternatively, the photographs may qualify as works made for hire if there was a written agreement, signed by Hong Kong and the photography studio, in place before the photoshoot. *See* 17 U.S.C. § 101(2) (the parties must "expressly agree in a written instrument signed by them that the work shall be considered a work made for hire"); *Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 412 (7th Cir. 1992) ("The statutory language is 'signed by them,' 17 U.S.C. § 101(2), that is, by both parties, and it means what it says."). Hong Kong has failed to present evidence that would permit a finding that it had a signed written agreement with the photography studio. Thus, based on the record before the Court, Hong Kong cannot establish that it is the owner of valid copyright registrations for the four photographs at issue. No reasonable fact-finder could find otherwise.

Hong Kong's additional arguments in support of its copyright infringement claim fail. To start, Hong Kong asserts, without any evidentiary support, that the photographs were created and published in China before U.S. distribution. Based on this unsupported assertion, Hong Kong argues that the photographs are protected under both Chinese copyright law and U.S. law through Berne Convention principles. *See* Berne Convention, Sept. 9, 1886, as revised at Stockholm on July 14, 1967, Arts. 1, 5(1), 828 U.N.T.S. 221, 225, 231–233. This argument is made in a conclusory manner and lacks any citation to supporting authority, so it is waived. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("[P]erfunctory and undeveloped

arguments, and arguments that are unsupported by pertinent authority, are waived . . . .").  Additionally, Hong Kong's claims in this case are based on U.S. copyright registrations.  Any valid Chinese registrations would not help Hong Kong in meeting its burden for proving ownership of a valid U.S. copyright.  Thus its argument on this point also fails on the merits.

Hong Kong next argues that its copyright registrations carry a presumption of validity.  Although true, this does not carry the day.  Defendants have put forth evidence that the copyright registrations are invalid because Hong Kong admitted that it did not have a written agreement with the photography studio.  In response, Hong Kong acknowledges that it does not have such a written agreement.  As discussed, a written agreement between Hong Kong and the photography studio is required to prove Hong Kong is the owner of valid copyrights for the relevant photographs.

Hong Kong also argues that the written agreement requirement for works made for hire is "technical" and that the course of conduct between Hong Kong and the photography studio shows that all rights in the photographs transferred to Hong Kong. Again, Hong Kong has waived or forfeited these arguments by failing to cite any evidence or law in support.  *See United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) (explaining that the court has "repeatedly and consistently held that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived") (internal quotation marks and citation omitted).  Hong Kong's arguments also fail on the merits.  It has not pointed to any evidence that would allow a reasonable factfinder to find that characterizing photographs as works for hire on its copyright registrations was an inadvertent mistake or that copyright registrations for the

photographs were transferred from the photography studio to Hong Kong. *See Gaiman v. McFarlane*, 360 F.3d 644, 650 (7th Cir. 2004); *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586, 591 (7th Cir. 2003).

Finally, Hong Kong argues that the defendants lack standing to challenge ownership of the copyright registrations based the rights of others. This argument misses the mark. Defendants have not sued Hong Kong for infringement, and they are not asserting the rights of the photographers who created the photographs. Instead, defendants have moved for summary judgment on Hong Kong's claims because Hong Kong has no evidence that would raise a genuine issue of material fact regarding Hong Kong's ownership of a valid copyright. Proof of ownership of a valid copyright is part of Hong Kong's burden on its claims. Defendants' standing to bring an independent claim is not at issue.

Defendants raise a number of additional arguments related to Hong Kong's inability to meet its burden on the issues of originality and independent creation of the photographs. The Court need not address these additional arguments because Hong Kong is unable to prove ownership of a valid copyright for the relevant photographs. This is dispositive. Defendants are entitled to summary judgment in their favor on all counts of Hong Kong's complaint.

## B. Defendants' counterclaims

The Court will next address Hong Kong's motion for summary judgment on defendants' counterclaims. Defendants assert four counterclaims: fraud on the copyright office (count 1), invalid copyrights (count 2), unfair competition (count 3), and tortious interference with prospective economic advantage (count 4).

9

### 1. Fraud on the copyright office / invalid copyrights

Defendants' first two counterclaims, alleging fraud on the copyright office (count 1) and invalid copyrights (count 2), both seek a declaratory judgment that Hong Kong's copyright registrations are invalid and unenforceable. A party seeking a declaratory judgment "has standing to sue for an alleged future injury only if 'the threatened injury is certainly impending, or there is a substantial risk that the harm will occur.'" *Swanigan v. City of Chicago*, 881 F.3d 577, 583 (7th Cir. 2018) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)).

Defendants assert in the counterclaims that Hong Kong's claims create an actual controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §2201(a). But the Court has now granted summary judgment in defendants' favor on all of Hong Kong's claims. As a result, it does not appear that there remains any actual controversy regarding the validity of the copyrights. The Court questions whether, given the ruling on plaintiffs' claims, defendants have standing to seek a declaratory judgment that Hong Kong's copyright registrations are invalid and unenforceable. The Court directs the parties to show cause in writing within 14 days why counts 1 and 2 of defendants' counterclaims should not be dismissed for lack of jurisdiction.

### 2. Unfair competition

Defendants assert an unfair competition counterclaim against Hong Kong based on its attempts to bar the defendants from using the photographs at issue to display clothing for sale online. Defendants also broadly allege that this exclusionary conduct has unreasonably interfered with defendants' ability to compete in the internet market.

The Seventh Circuit has identified two elements of an unfair competition claim:

"(1) that the defendant obtained access to the [labors and expenditures of the plaintiff] through an abuse of a fiduciary or confidential relationship with the plaintiff or via some sort of fraud or deception" and "(2) that the defendant's use of the [labors and expenditures] deprived the plaintiff of the opportunity to reap its due profits . . . ." *Wilson v. Electro Marine Sys., Inc.*, 915 F.2d 1110, 1118 (7th Cir. 1990). Additionally, "some element of bad faith" is "central" to the claim. *Id*.

Hong Kong first argues that defendant's unfair competition claim is preempted by the Copyright Act because it seeks to vindicate rights that are equivalent to the exclusive rights protected by copyright. Defendants respond that they have not accused Hong Kong of copyright infringement. Instead, the unfair competition claims are based on Hong Kong's inducement of Amazon to bar defendants from selling clothing online. The Copyright Act preempts a state law cause of action when: (1) the right concerns a work of authorship fixed in a tangible medium of expression that comes within the subject matter of copyright specified in § 102 and § 103, and (2) the right is equivalent to one of the exclusive rights granted to the owner of a copyright by § 106 of the Copyright Act. 17 U.S.C. § 301(a); *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 909 (7th Cir. 2005). A state law right is considered "equivalent" to an exclusive right under the Copyright Act if it is "infringed by the mere act of reproduction, performance, distribution or display." *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 677 (7th Cir. 1986) (internal quotation marks and citation omitted). The unfair competition claim is based on Hong Kong's alleged interference with the relationship between Amazon and the defendants. As such, the claim does not meet either of the requirements for preemption.

Hong Kong's arguments fare better on the merits of defendants' claim. It argues that its conduct was based on enforcement of copyright registrations that were facially valid. In response, defendants argue, in conclusory fashion, that Hong Kong's inducement of Amazon to remove defendants' product listing was in bad faith and designed to corner the market. Defendants' broad, unsupported assertions of bad faith are not sufficient to create a genuine issue of material fact on the question of whether Hong Kong acted in bad faith when it attempted to enforce facially valid copyrights. *Grant*, 870 F.3d at 568. Therefore, Hong Kong is entitled to summary judgment in its favor on count 3 of defendants' counterclaim.

### 3. Tortious interference

Defendants assert a counterclaim for tortious interference with prospective economic advantage based on Hong Kong's "wrongful inducement" of Amazon to bar them from selling clothing products online. Defendants also allege that Hong Kong's request to freeze defendants' assets has interfered with the sale of clothing products beyond those depicted in the photographs at issue.

To support a claim for tortious interference with prospective economic advantage, a plaintiff must show: "(1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference." *Borsellino v. Goldman Sachs Grp.*, 477 F.3d 502, 508 (7th Cir. 2007) (quoting *Voyles v. Sandia Mortg. Corp.*, 196 Ill. 2d 288, 300–01, 751 N.E.2d 1126, 1133 (2001)).

12

Illinois law "recognize[s] a privilege in [certain tort] cases where the defendant was acting to protect an interest which the law deems to be of equal or greater value than the plaintiff's . . . rights." *KMK Grp. v. Helco Corp.*, No. 18 C 6361, 2021 WL 4499496, at *1 (N.D. Ill. Aug. 18, 2021) (quoting *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 157, 545 N.E.2d 672, 677 (1989)). "If the defendant's interference is privileged, the plaintiff bears the burden of proving that the defendant's conduct was malicious." *Id.* (quoting *Delloma v. Consolidation Coal Co.*, 996 F.2d 168, 171 (7th Cir. 1993)). A plaintiff shows malice when it provides evidence that the opposing party acted "intentionally and without justification." *Id.* (quoting *Delloma*, 996 F.2d at 171). This privilege applies to claims of tortious interference with contractual relations as well as tortious interference with economic advantage. *See Mt. Vernon Hosp.*, 131 Ill. 2d at 157, 545 N.E.2d at 677; *Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 375 (7th Cir. 1992) ("Interference designed to protect one's financial interest is generally privileged . . . .").

Hong Kong again begins by arguing that the tortious interference claim is preempted by the Copyright Act. Defendants respond that the claim is not premised on Hong Kong's infringement of defendants' photographs. Instead, the claim is based on Hong Kong's inducement of Amazon to remove defendants' clothing from its website. Because defendants' tortious interference claim is based on Hong Kong's alleged interference with any expected relationship between defendants and Amazon, it is not preempted by the Copyright Act.

Hong Kong next argues that defendants' tortious interference claim fails on the merits because it is predicated on Hong Kong's legitimate enforcement of its intellectual

property rights.  *See Milo Enters., Inc. v. Bird-X, Inc.*, No. 18 C 6315, 2022 WL 874625, at *8 (N.D. Ill. Mar. 24, 2022) ("[A] party's statement to a third party cannot be the basis for a tortious interference claim if they made that statement in a good faith effort to protect another legal interest . . . .").  Defendants generally argue that Hong Kong knew of defendant's expectancy of a business relationship with Amazon, but as with count 3, they do not point to any evidence that Hong Kong acted with malice.  No genuine dispute of material fact exists on Hong Kong's intent, and Hong Kong is entitled to summary judgment in its favor on count 4 of defendants' counterclaims.

## Conclusion

For the reasons stated above, the Court grants defendants' motion for summary judgment [dkt. 167] on all three counts of plaintiff's complaint.  The Court grants plaintiff's motion for summary judgment [dkt. 171] in part; plaintiff is entitled to summary judgment on counts 3 and 4 of defendants' counterclaims.  The Court defers ruling on plaintiff's motion with respect to counts 1 and 2 of defendants' counterclaims and orders the parties to show cause by no later than September 9, 2025 why those claims should not be dismissed for lack of jurisdiction.  A telephonic status hearing is set for September 19, 2025 at 9:10 a.m., using call-in number 650-479-3207, access code 2305-915-8729.

Date:  August 26, 2025

MATTHEW F. KENNELLY
United States District Judge

14