IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED, ) ) ) Plaintiff, ) ) vs. ) ) FLOERNS, et al., ) ) Defendants. ) | Case No. 24 C 2939 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Hong Kong Leyuzhen Technology Co. Limited sued Floerns, Verdusa, and SweatyRocks (and others not at issue at this point) for copyright infringement, false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), and violation of the Illinois Uniform Deceptive Trade Practices Act. The defendants counterclaimed, alleging fraud on the copyright office, invalid copyrights, unfair competition, and tortious interference with prospective economic advantage. The Court granted summary judgment in favor of the defendants on all of Hong Kong's claims. *Hong Kong Leyuzhen Tech. Co. v. Floerns*, 798 F. Supp. 3d 869, 873 (N.D. Ill. 2025). Hong Kong has moved to reconsider this decision based on what it contends is newly discovered evidence.

### Background

The Court briefly summarizes the facts and procedural history, which are presented in greater detail in its decision on the motions for summary judgment. *See Hong Kong Leyuzhen Tech. Co.*, 798 F. Supp. 3d at 873–74.

Hong Kong, Floerns, Verdusa, and SweatyRocks promote and sell clothing products via internet stores. Hong Kong received two copyright registrations from the U.S. Copyright Office in 2023 that covered numerous photographs that it used to promote and sell clothing online.

On April 11, 2024, Hong Kong filed suit against Floerns, Verdusa, SweatyRocks, and others, asserting claims for copyright infringement, false designation of origin under the Lanham Act, and violation of the Illinois Uniform Deceptive Trade Practices Act. Hong Kong alleged that defendants displayed four copyright-protected photographs online to promote competing, inferior clothing.

On August 26, 2025, the Court granted summary judgment in the defendants' favor on all of Hong Kong's claims and in Hong Kong's favor on counts 3 and 4 of the defendants' counterclaim. The Court determined that no reasonable factfinder could find that Hong Kong owned a valid copyright for the relevant photographs because it acknowledged it did not have a written agreement with the third-party photography studio that it said had taken the photographs, as required for the photographs to qualify as "works for hire." Hong Kong has moved to reconsider the Court's grant of summary judgment in the defendants' favor based on what it contends is newly discovered evidence.

## Discussion

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "Courts may grant Rule 59(e) motions to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that

2

clearly establishes a manifest error of law or fact." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal quotation marks omitted).

Rule 59(e) motions may not "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion." *Caisse Nationale de Credit Agricole v. CBI Inds., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Instead, "newly discovered evidence can be grounds for relief under Rule 59 only if the party exercised due diligence in discovering it and, nevertheless, only discovered it post-judgment." *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021); *see also Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 956 (7th Cir. 2013) ("[A] party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier.").

Hong Kong argues that it recently discovered evidence "establishing that the photographs were indeed created by an employee within [Hong Kong's] corporate structure, thereby satisfying the work-for-hire doctrine . . . ." Pl.'s Mot. at 2. Hong Kong asserts that this information "was not previously available due to communication barriers and the complexity of obtaining documentation from affiliated entities of [Hong Kong] in China." *Id.* at 3. Hong Kong states in its reply that it "acted with diligence by immediately pursuing these records once it understood their critical importance" after the Court issued its decision. Pl.'s Reply at 6.

The fact of the matter, however, is that Hong Kong could have discovered this evidence before the Court issued its order if it had exercised reasonable diligence. Hong Kong knew when it filed the lawsuit in April 2024 that, as the plaintiff, it must prove it owned a valid copyright. *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361

(1991). Although registration of a work within five years of first publication is prima facie evidence of a copyright's validity, the accused infringer can overcome this rebuttable presumption by showing that the copyright is invalid. *Urbont v. Sony Music Ent.*, 831 F.3d 80, 89 (2d Cir. 2016). Hong Kong chose to bring its lawsuit in a court in the United States. Thus it accepted the responsibility to ensure it could access the evidence it needed to prove its claim.

That aside, Hong Kong should have gone about the business of obtaining evidence of its ownership at least as early as late June 2024—ten full months before the defendants filed their motion for summary judgment—when the defendants' answer put Hong Kong on notice that they were challenging its ownership of the claimed copyrights. *See* Defs.' Countercl., dkt. no. 104, ¶¶ 28, 44. And if not then, Hong Kong should have discovered the supposedly "new" evidence when it responded to the defendants' interrogatories in April 2025, months before the Court's summary judgment order. Hong Kong's so-called newly discovered evidence largely is found in a declaration dated October 14, 2025 by Liangjie Li, product operations manager of Yu Zhen (Shanghai) Information Technology Co., Ltd.[1] But almost six months earlier, Li signed the verification of Hong Kong's supplemental responses to defendants' interrogatories, in which Hong Kong represented that the photographs at issue "were shot by a photography studio a long time ago" and that it "utilized shared model sessions due to

---

[1] Hong Kong also submits several documents it argues shows the employment relationship between Huan Wang, the purported photographer, and Yu Zhen Shanghai. But the only evidence that Ms. Wang took the relevant photographs is the assertion in Li's affidavit that "Ms. Wang created numerous photographs as part of her regular employment duties with Yu Zhen Shanghai, including specifically the photographs . . . which are the subject of this litigation." Pl.'s Mot., Ex. 1, ¶ 12.

4

Case: 1:24-cv-02939 Document #: 193 Filed: 12/31/25 Page 5 of 8 PageID #:3371

smaller photography volume requirements for [Hong Kong's] needs." Dkt. no. 168-1 at 12. In those same interrogatory responses, Hong Kong further represented that it "participated in a shared model photoshoot with another company to meet minimum production requirements." *Id.* Hong Kong's response did not include *any* information about, or even reference to, Yu Zhen Shanghai or its employees. Instead, the response represented that a photography studio conducted the photoshoot that created the relevant photographs, and Hong Kong shared that photoshoot with another company to meet minimum production requirements—a different story from the one that Hong Kong, through Li, is telling now.

      The interrogatory and Hong Kong's responses make it clear that the provenance of the photographs, and the nature of Hong Kong's rights in them, was on the table way back in April 2025. Yet Hong Kong does not offer any reason why Li, the person who verified the interrogatory responses, could not have provided in those responses the information now included in his October 14, 2025 declaration. Li's declaration states that he has "access to and [has] reviewed Yu Zhen Shanghai's corporate records, employment records, and business documentation relevant to this matter." Pl.'s Mot., Ex. 1, ¶ 3. The same quite obviously was true, however, as early as April 2025 when he signed the interrogatory answers.

      The defendants also challenged Hong Kong's ownership of the relevant copyrights in their motion for summary judgment. If, contrary to what Hong Kong now implicitly contends, it was not aware that this issue was on the table before that, the summary judgment motion made that point quite clear. Yet Hong Kong did not claim it needed more time to obtain the relevant information, nor did it make a submission along

5

those lines under Federal Rule of Civil Procedure 56(d). Instead, it addressed the point directly, and without any hedging. Specifically, in its response to the summary judgment motion, Hong Kong represented that it had "directed every aspect of these photographs—from concept development through final image selection—making all critical creative decisions about lighting, composition, styling, and presentation." Pl.'s Resp. to Defs.' Mot. for Summ. J. at 7. Hong Kong also represented that it had "paid the photographers specifically for the purpose of creating marketing materials for [Hong Kong's] exclusive use and ownership." *Id.* But now, in the declaration submitted in support of reconsideration, it tells a different story: Li asserts that "Yu Zhen Shanghai employees create photographs and other content for Hong Kong Leyuzhen, no separate payment is made between the companies for this work . . . ." Pl.'s Mot., Ex. 1, ¶ 16. Hong Kong's April 2025 interrogatory response and argument in opposition to summary judgment directly contradict the information it now asserts as "newly discovered" evidence.

For all of these reasons, Hong Kong's motion does not meet the due diligence requirement. Assuming the picture that Hong Kong now paints is correct, all of the information it now cites would have been available had it exercised reasonable diligence when responding to the defendants' interrogatories or, at least, its motion for summary judgment.

Hong Kong also contends that the proposition that its "newly discovered" evidence is material is enough, without more, for the Court to reconsider its prior ruling. This is incorrect. As the Seventh Circuit has stated: "To support a motion for reconsideration based on newly discovered evidence, the moving party must show not

6

only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion]." *Caisse Nationale*, 90 F.3d at 1269. As the Court has concluded, Hong Kong's motion does not meet that requirement.

Finally, Hong Kong attached to its reply a Copyright Assignment Agreement that purports to memorialize an oral agreement between Yu Zhen Shanghai and Hong Kong whereby Yu Zhen Shanghai assigned all rights, title, and interest in the relevant copyrights to Hong Kong. The agreement is dated December 2, 2025—three months after the Court's summary judgment ruling.

"Newly discovered evidence must have been in existence at the time of the original judgment or pertain to facts in existence at the time of the judgment." *LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 950 (7th Cir. 2019). Clearly, the written agreement did not exist at the time the Court granted defendants' summary judgment motion. Indeed, it did not even exist at the time that Hong Kong filed its motion for reconsideration. And, as the Court has discussed, any facts related to any oral agreement to assign ownership of the copyrights from Yu Zhen Shanghai to Hong Kong would have been discovered if Hong Kong exercised reasonable diligence during discovery and summary judgment briefing.

## Conclusion

For the reasons stated above, the Court denies Hong Kong's motion for reconsideration [dkt. no. 185]. The telephonic hearing set for January 6, 2026 is vacated. Hong Kong is directed to file a response to defendants' motion for attorney's fees and costs [dkt. no. 184] by January 26, 2026; defendants are directed to file a reply

to the response by February 9, 2026. The case is set for a telephonic status hearing on February 17, 2026 at 9:00 a.m., using call-in number 650-479-3207, access code 2305-915-8729.

Date: December 31, 2025

                                                                            _____
                                                                                 MATTHEW F. KENNELLY
                                                                              United States District Judge